10   305
a20   275

JACOB A. DUPEE, APPELLANT, *v.* FREDERICK W. ROSE, RESPONDENT.

TRUST DEED.—FORECLOSURE IN EQUITY.—CUMULATIVE RIGHT.—A trust deed, given to secure a debt, containing the provisions usually found in such instrument, among which is the usual power of sale to be exercised by the trustee in the event of default in payment, is in effect a mortgage, and the beneficiary may sue in equity to foreclose the same, as the power of sale is merely cumulative to such right.

(No. 502. Decided July 27, 1894. 37 P. R. 567.)

APPEAL from the District Court of the Third Judicial District. Hon. S. A. Merritt, *Judge.*

Action by Jacob A. Dupee against Frederick W. Rose to foreclose a trust deed. From a judgment sustaining a demurrer to the complaint and dismissing the same, plaintiff appeals. *Reversed.*

*Mr. Frank B. Stephens* and *Mr. Benner X. Smith,* for appellant.

Two questions are submitted to the court. *First*—Is not the trust deed containing the usual provisions and covenants

found in such instrument a mortgage and subject to fore-closure in a court of chancery.    *Second*—Does the power of sale contained in the instrument divest a court of chancery of jurisdiction and compel this appellant to resort to that power?    Appellant contends that the instrument is a mortgage and that the beneficiary may have his option of sale under the power, or of proceeding to foreclose the same by judicial sale in a court of equity.    *Shillaber* v. *Robinson,* 97 U. S. 75; *Lawrence* v. *Trust Co.,* 13 N. Y. 200; *McDonald* v. *Vinson,* 56 Miss. 498; *Webb* v. *Hosel-ton,* 4 Neb. 308; *Thompson* v. *Houtz,* 48 Miss. 444; *Morrison* v. *Bean,* 15 Tex. 267; 2 Perry on Trusts, § 602, b, c, d; Story's Eq. Jur. § 1018; *Woodruff* v. *Robb,* 19 Ohio, 213; *Cotteral* v. *Long,* 20 Ohio, 464; *Sargeant* v. *Howe,* 21 Ill. 147; *Thompson* v. *Marshal,* 27 Pac. Rep. 957; *Eaton* v. *Whiting,* 3 Pick. 484; *R. R. Co.* v. *Auditor,* 2 N. W. R. 835; *First Nat. Bank* v. *Min. Co.,* 19 Pac. Rep. 403; 2 Jones on Mortgages, § 1773; Wash. on Real Property, 80.

*Mr. Frank Pierce,* for respondent.

Can a trust deed be foreclosed in chancery?    This is the only question presented.    Respondent relies upon *Kock* v. *Briggs,* 14 Cal. 257, which is similar to the case at bar. The opinion in this case was by Chief Justice Field, who says that " no suit lies to foreclose this trust deed, because the contract of the parties is that the trustee shall sell upon the happening of a certain event—default in pay-ment of the debt.    Equity must limit itself to the con-tract of the parties.    There is no right of foreclosure arising out of such a contract."    The doctrine of *Koch* v. *Briggs, supra,* is the law of England and becomes a part of the jurisprudence of this country unless changed by statute.    This case is quoted approvingly by nearly all of

the text writers in this country. *Sampson* v. *Patterson,* 1 Hare, 536; *Barr* v. *Schroeder,* 32 Cal. 614; *Fuquay* v. *Stickney,* 41 Cal. 584; *Grant* v. *Barr,* 54 Cal. 298; *Bateman* v. *Burr,* 57 Cal. 481; *Reese* v. *Allen,* 48 Am. Dec. 336; *Newman* v. *Jackson,* 12 Wheat. 571; *Gillespie* v. *Smith,* 81 Am. Dec. 335; *Tyler* v. *Herring,* 19 Am. St. Rep. 275; 2 Washburn on Real Prop. 5 ed. 83; 3 Parsons on Cont. 421; *Ashurst* v. *Montour Iron Co.,* 35 Pa. St. 30; *Wilson* v. *Russell,* 13 Md. 494; *Bradley* v. *Chester Valley R. R. Co.,* 36 Pa. St. 141. A trust deed differs from a mortgage in three essential particulars: (*a*) It vests the legal title in the trustee. (*b*) After a sale under the trust deed the purchaser is immediately vested with a complete title and the debtor has no opportunity to redeem. (*c*) The remedy of foreclosure in chancery does not exist. *Tyler* v. *Herring, supra; Bateman* v. *Burr, supra; Devin* v. *Hendershott,* 32 Ia. 192; 2 Wash. Real Prop., *supra; Gillespie* v. *Smith, supra; Koch* v. *Briggs, supra.* Courts of equity will enforce the sale according to the terms of the power if the trustee refuse or cannot act. *Reese* v. *Allen,* 5 Gillman, 240; *Bradley* v. *Chester, supra, Brisbane* v. *Shoughton,* 17 Ohio St. 482. Trustees are the agents of both parties, and are selected because both parties repose special confidence in them. 2 Wash. on Real Prop. *supra; Goode* v. *Comfort,* 39 Mo. 313; *Equitable Transit Co.* v. *Fisher,* 106 Ill. 189; Pomeroy's Eq. Jur. § 995.

Bartch, J.:

Appellant brought this suit to foreclose a trust deed. It appears that on April 1, 1891, J. B. Blazer and wife executed and delivered to the appellant, plaintiff below, their promissory note in the sum of $800, payable April 1, 1894, and secured it by trust deed on a certain parcel of land, in favor of Frank B. Stephens, as trustee for plaintiff. Afterwards the respondent purchased the prop-

erty, and assumed the payment of the indebtedness secured by the trust deed. The interest was paid, but default was made in the payment of the principal. The court sustained a demurrer to the complaint, and, the plaintiff refusing to amend, dismissed the action. From this judgment the appeal was prosecuted.

·The principal and in fact the only material question raised is whether the plaintiff had the right to resort to a court of equity to foreclose the trust deed. The instrument is in form a trust deed, and contains the provisions usually recited in such instruments used to secure the payment of debts. It shows on its face the amount of the indebtedness secured for the benefit of the *cestui que trust*, and contains the usual power of sale to be exercised by the trustee in the event of default in the payment of such indebtedness. It provides for redemption upon payment of the debt. Such an instrument is, in effect, a mortgage. It is true, it differs from an ordinary mortgage, in that it contains a power of sale, which may be exercised without resorting to a suit for foreclosure, but this may be said of some forms of mortgages which contain the similar powers. It is well settled that such a mortgage may be foreclosed, and a deed of trust to secure the payment of a debt is substantially the same thing, both in law and equity, as a mortgage with a power of sale. In neither case does the addition of the power of sale change the character of the instrument. In either case it is still a conveyance of land for the security of a debt, same as an ordinary mortgage. In either case it passes the legal title to the grantee, unless the natural effect of the instrument is controlled by statute. Both classes of instruments convey only a defeasible title, with the right of redemption in the one the same as in the other. The fact that in one the conveyance is directed to the creditor, and in the other to a third person for his benefit, causes no difference, in

effect, between the two classes of instruments. At law, both purport to convey the legal title to the grantee,—the creditor or the trustee. In equity, the title, the land, and deed, in either case, stand merely as a security for the debt. The debt is the principal thing, and the mortgage or trust deed given to secure it is a mere incident, upon which it depends. A trust deed of this character is a different thing from a deed of trust given for the purpose of raising a fund to pay a debt, for there the title vests absolutely in the grantee, it being an indefeasible conveyance for the purposes of the trust; and there is no right to redeem. In such a case there can be no foreclosure, and the terms of the trust cannot be disregarded. Nor can it be released, on the margin of the record, as is provided by statute in case of a trust deed given as security for a debt, which in this territory may be released precisely in the same manner as a mortgage. Comp. Laws Utah, 1888, §§ 2641, 2642; Sess. Laws 1890, p. 90.

A power to sell contained in a trust deed, given as security for a debt, does not divest a court of chancery of jurisdiction to enforce the rights of the parties thereto; nor does it abridge the right of the party who receives such an instrument as security to resort to a court of chancery, instead of proceeding under the power. Such a power is merely cumulative, additional to that granted by law, and the person whose debt is secured may proceed under the power, or foreclose in the manner provided by law for the foreclosure of mortgages, in which latter case the grantor has the right to redeem same as under a mortgage. Jones, in his treatise on the Law of Mortgages (volume 1, § 62), says: "A deed of trust to secure a debt is, in legal effect, a mortgage. It is a conveyance made to a person other than the creditor, conditioned to be void if the debt be paid at a certain time, but, if not paid, that the grantee may sell the land, and apply the

proceeds to the extinguishment of the debt, paying over the surplus to the grantor. The addition of the power of sale does not change the character of the instrument any more than it does when contained in a mortgage. Such a deed has all the essential elements of a mortgage; it is a conveyance of the land as security for a debt."

In Story, Eq. Jur. § 1018, the law is stated as follows: "The particular form or words of the conveyance are unimportant; and it may be laid down as a general rule, subject to few exceptions, that wherever a conveyance, assignment, or other instrument transferring an estate is originally intended between the parties as a security for money or for any other incumbrance, whether this intention appear from the same instrument or from any other, it is always considered in equity as a mortgage, and consequently is redeemable upon the performance of the conditions or stipulations thereof." In 2 Perry, Trusts, § 602*d*, the author says: "A mortgage is a pledge or security for a debt, whatever may be the form which the transaction takes, whether a simple mortgage deed in form, or a mortgage with a power of sale, or a deed of trust, or a deed absolute on its face, accompanied by an agreement, in writing, to reconvey or to sell or to do any other thing upon the payment of a certain sum of money. Courts of equity look upon it as a mortgage, and deal with it as such." See, also, Id. §§ 602*a*–602*c*.

Mr. Justice Miller, in *Shillaber* v. *Robinson*, 97 U. S. 68, delivering the opinion of the court, said: "If there is a power of sale, whether in the creditor or in some third person to whom the conveyance is made for that purpose, it is still, in effect, a mortgage, though in form a deed of trust, and may be foreclosed by sale in pursuance of the terms in which the power is conferred, or by suit in chancery." 2 Pom. Eq. Jur. § 995; *Lawrence* v. *Trust Co.*, 13 N. Y. 200; *McDonald* v. *Vinson*, 56 Miss. 597;

*Thompson* v. *Marshall* (Or.), 27 Pac. 957; *Eaton* v. *Whiting*, 3 Pick. 484; *Insurance Co.* v. *White*, 106 Ill. 67, *Woodruff* v. *Robb*, 19 Ohio, 212; *Webb* v. *Hoselton*, 4 Neb. 308; *Morrison* v. *Bean*, 15 Tex. 267; *Bank* v. *Chapelle*, 40 Mich. 447. Counsel for respondent has cited us to the case of *Koch* v. *Briggs*, 14 Cal. 257. This case appears to sustain the position contended for, but we think the law is well settled by the weight of authority that, where a trust deed is given merely as a security for the payment of a debt, it is, in effect, a mortgage, and that the power of sale therein contained does not prevent a resort to a court of chancery. We think the demurrer should have been overruled. The judgment is reversed, and cause remanded for further proceedings in accordance herewith.

SMITH and MINER, JJ., concur.