EDWIN A. PECK, RESPONDENT, *v.* GIRARD FIRE AND MARINE INSURANCE COMPANY, APPELLANT.

INSURANCE POLICIES — SUITS BY MORTGAGEES — PARTIES — DEED—
WHEN A MORTGAGE—CONDITIONS OF POLICY.

1. The plaintiff, a mortgagee, whose debt exceeded the loss, sued on an insurance policy between the defendant (the insurer) and the mortgagor, which provided, "Loss, if any, payable to Peck

as his interest may appear." *Held*, that the suit was properly brought by the plaintiff alone.

2. A deed, absolute in form, to secure a debt, is in effect a mortgage, and does not pass the title to the land.

3. A mortgage of the property by the insured does not violate the following prohibition: "This policy   *   *   *   shall be void   *   *   *   if any change, other than by death of the insured, takes place in the interest or title   *   *   *   of the subject of the insurance, whether by legal process, judgment, voluntary act of the insured, or otherwise." The term "change" means a transfer of interest or title, not an incumbrance- simply.

(No. 846.   Decided Dec. 7, 1897 )

Appeal from the Second district court, Weber county. H. H. Rolapp, *Judge*.

Action by Edwin A. Peck against the Girard Fire & Marine Insurance Company. Judgment for plaintiff. Defendant appeals. *Affirmed.*

*Richards & Macmillan* and *A. E. Pratt*, for appellant.

The "loss" payable clause is a mere direction to pay and does not constitute an assignment to plaintiff of any loss that may occur under said policy. *Hodgson* v. *German Ins. Co.*, 56 N. W. 920; *Williamson* v. *Mich. Fire & M. Ins. Co.*, 57 N. W. 46; *Hatch* v. *Ins. Co.*, 11 Fed. Rep. 29; *Ins. Co.* v. *Davenport*, 37 Mich. 609.

If the conveyance be regarded as a mortgage it was a change in interest. *E st Tex. Fire Ins. Co.* v. *Clark* (Tex.), 15 S. W. 166; *Olney* v. *German Ins. Co.*, 26 Am. St. 281; *Western Mass. Ins. Co.* v. *Riker*, 10 Mich. 279.

Whether it be a change in interest or a change in title plaintiff cannot recover. *Richmond* v. *Phœnix Assr. Co.*, 33 Atl. 786; *Scania Ins. Co.* v. *Johnson*, 45 Pac. 431; *Gillett* v. *Liverpool, &c., Ins. Co.*, 41 N. W. 78; *Smith* v. *Union Ins. Co.*, 120 Mass. 90; *Fitchburg Savings Bank* v. *Ins. Co.*, 125 Mass.

431; *Savings Institution* v. *Ins. Co.*, 68 Me. 313; *Ins. Co.* v. *Hulman*, 92 Ill. 145.

*A. R. Heywood* and *J. E. Bagley*, for respondent.

ZANE, C. J.:

This is an action on a policy executed by the defendant to Erastus Christofferson, insuring his house against fire, in the sum of $1,000. The policy contained two provisions on which the defendant bases its defense. The language of the first is, " Loss, if any, payable to Edwin A. Peck, mortgagee, as his interest may appear;" and the language of the second is, " This policy    *    *    *    shall be void *    *    * if any change, other than by the death of an insured, takes place in the interest, title, or possession of the subject of the insurance,    *    *    *    whether by legal process or judgment, or by voluntary act of the insured, or otherwise." The debt secured by the mortgage was $766.65. During the term of the insurance the property was damaged by fire in the sum of $692.50, and, upon a trial, judgment was rendered against the defendant for that amount, and for costs. The case is before us for review.

The language of the provision first quoted amounts to an agreement by the defendant with Christofferson to pay the plaintiff, to the extent of the loss, if any, not exceeding $1,000, his mortgage debt. The defendant insists that the plaintiff could not sue alone; that the mortgagor should have united with him as plaintiff. We understand the weight of authority to be that a party may sue on a promise made, upon a sufficient consideration, to another, for his use and benefit. This court so held in the case of *Thompson* v. *Cheesman*, 15 Utah 43. When the mortgage debt exceeds the loss, the rule, as we hold it, is that the mortgagee may recover the whole in his own name; but

when the loss exceeds the debt the mortgagor and mortgagee may unite as plaintiffs, or each may sue for his own share, unless by the terms of the policy the whole is payable to the mortgagee. *Palmer Sav. Bank* v. *Insurance Co. of North America* (Mass.), 44 N. E. 211; *Maxcy* v. *Ins. Co.,* 54 Minn. 272.

The defendant also contends that Christofferson forfeited plaintiff's right to the loss by a conveyance of the property after the insurance, and before the fire, to one Peterson, in violation of the second provision quoted. No change of possession was proven. The transaction relied upon as a conveyance consisted of a deed to the property, absolute in form, but in effect a mortgage, to secure the payment of $500. The deed did not pass the title. It simply created a lien on Christofferson's title and interest in the property to secure the debt. *Barry* v. *Insurance Co.,* 110 N. Y. 1; *Thompson* v. *Cheesman, supra.*

The defendant urges that a change of interest was effected by the mortgage. Doubtless there is a conflict of authority as to the rule, but we are disposed to hold that such language, in a policy like this one, means a transfer of interest; that it does not mean an incumbrance, merely. The title and interest of the mortgagor remain in him, subject to the incumbrance. *Barry* v. *Insurance Co., supra*; *Judge* v. *Insurance Co.,* 132 Mass. 521; *Insurance Co.* v. *Spankneble,* 52 Ill. 53; Richards Ins. § 147.

In the case of *Barry* v. *Insurance Co.,* the policy contained a condition similar to this one; and the insured had executed two deeds, absolute in form, subsequent to the insurance, to secure a debt. The court said: " It follows from these authorities that the legal position of Mrs. Sleight, as the owner of the property, was not

changed or affected by the deeds referred to, and that such instruments did not bring the transaction within either the letter or the spirit of the contract. The interest of Mrs. Sleight in the property remained the same after as before the delivery. It is true that, through a course of legal proceedings, the title to the property might finally be acquired by some one, if the debt was not paid; but this would be equally true if Mrs. Sleight had given to Moloughney her note of hand for the debt, and it had been followed by judgment, and a sale of the land under execution." Our conclusion is that this suit was properly brought by the plaintiff; that the deed of Christofferson, though absolute in form, was in effect a mortgage, and did not change, or transfer to Peterson, his interest in, or his title to, the property, or violate the condition or prohibition relied upon, or forfeit plaintiff's right to the loss proven. Judgment affirmed.

BARTCH and MINER, JJ., concur.