S. H. FIELDS, JR., AND MARY S. WALKER, EXE-
CUTRIX OF THE WILL OF S. F. WALKER, DECEASED,
RESPONDENTS, v. JAMES COBBEY, OSCAR
YOUNGBERG, ET AL., APPELLANTS.

QUIETING TITLE — ACTION BY MORTGAGEE — WHEN DISMISSED —
TRUSTEE — LEGAL TITLE — LACK OF BENEFICIAL INTEREST —
ACTION — ADVERSE CLAIM — BY HOLDER OF MORTGAGE LIEN —
CANNOT BE MAINTAINED—SECS. 3498-3517 R. S. 1898.

*Quieting Title—Action by Mortgagee—When Dismissed.*
   When, in an action to quiet title and determine an adverse claim, it appears that plaintiff merely held a mortgage on the property, and that defendants held the legal title, the action should be dismissed.[1]

*Trustee—Legal Title—Lack of Beneficial Interest.*
   A trustee in a deed of trust is not vested with any legal title to the property covered by the deed when he has no beneficial interest in it.

*Action—Adverse Claim—By Holder of Mortgage Lien—Cannot be Maintained—Secs. 3498-3517 R. S. 1898.*
   Under the provisions of Sections 3498 and 3517 R. S. 1898, an action to determine adverse claims cannot be maintained against the holder of the legal title by one who has a mortgage lien; and such an action once commenced, cannot be

---

[1] *Stevens Imp. Co.* v. *South Ogden Co.*, 20 Utah, 58 Pac. 843; *Thompson* v. *Cheesman*, 15 Utah, 51; *Peck* v. *Insurance Co.*, 16 Utah, 131.

converted into a foreclosure proceeding, so as to allow of the entry of a decree, in effect a decree of foreclosure.

(Decided Nov. 22, 1900.)

(Rehearing denied Dec. 26, 1900.)

Appeal from the Third District Court, Salt Lake County. Hon. Ogden Hiles, *Judge.*

Action by plaintiffs to quiet title and determine an adverse claim to a certain interest in mining ground. From a judgment for plaintiffs, defendants appealed. *Reversed.*

*Frank Hoffman, Esq.,* for appellants.

*Messrs. Pierce, Critchlow & Barrette,* for respondents.

### STATEMENT OF FACTS.

This action was brought by the plaintiffs against defendant Youngberg and others, to quiet title and determine an adverse claim to the undivided one-half of certain mining claims, and it is alleged that the defendants claim, adversely to the plaintiffs, some right, title, and interest therein, owned by the plaintiffs, but what their interest therein is, is unknown to the plaintiffs, and that whatever interest they hold is null and void. Plaintiffs pray judgment that each and every of the defendants herein be required to set forth the nature of their supposed claim, interest, or incumbrance upon said property; that the same be adjudged to be void and of no force or effect as against these plaintiffs, or either of them, and that the title of said plaintiffs in and to the premises, described, be quieted.

Youngberg, among other matters, denied title in the

plaintiff, set forth in his answer that one Hoge owned the claims in question and while such owner gave a deed of trust to the plaintiffs to secure the payment of certain moneys; that thereafter defendant Youngberg obtained judgment against Hoge and sold the mining claims in question on execution issued on such judgment, and that he became the purchaser thereof, and held and now holds the legal title thereto.

The court found, among other things, that plaintiffs held the legal title to the undivided one-half of the property and entered a decree quieting the title therein as to all the defendants except Youngberg; that the title to an undivided one-sixth interest in the property is held by the plaintiffs by virtue of a deed from Hoge and wife, which was delivered by Fields on the 8th day of September, 1893; that such conveyance was made and received by the grantee in trust and on condition that Fields was to work the same, or to sell the property at private sale, and to apply the proceeds in payment of the indebtedness owing by Hoge to the Bank of Commerce; that such indebtedness to be so paid by Fields to the bank consisted of promissory notes amounting to about $2,700, all due on or before March 17, 1894, with interest at 12 per cent., and that payments had been made on said notes leaving a balance of $4,364.51, that on June 26, 1895, execution was issued upon a judgment rendered April 28, 1894, held by the defendant Youngberg against Hoge, and levied upon the said mining claims, which were sold by the U. S. Marshal to Youngberg, since which time Youngberg has been the owner and holder of the interest of Hoge in said claims; that prior to the commencement of this suit Fields conveyed to plaintiff Walker an undivided one-half of his interest in said mining claims so conveyed to him by Hoge, and that ever since and prior to the

22 Utah—27.

commencement of this action Fields and Walker had been and are the owners of an undivided one-half interest in all the said claims.

The court entered a decree quieting the title in the plaintiffs to all the land, except as to Youngberg; that as to an undivided one-sixth interest in said claims, the plaintiffs are in possession and entitled to possession by reason of the trust deed from Hoge; that the deed was in the nature of a mortgage; that Youngberg is the owner of an equity of redemption of the said undivided one-sixth interest therein; that the plaintiffs are the owners and holders thereof by virtue of said trust deed to secure the payment to the bank of $4,364.56, and interest, owing from Hoge to the bank.

It is further decreed that a sale be made of the undivided one-sixth interest in the land claimed by Youngberg for the purpose of paying said sum due the bank, with interest and costs, and that after the expiration of six months, allowed for redemption after said sale, the sheriff execute his deed to the purchaser, and that Youngberg be thereafter foreclosed and barred from all right or equity of redemption to the undivided one-sixth interest in said land, and the title thereof to be quieted in the plaintiffs.

After stating the facts, MINER, J., delivered the opinion of the court:

This record shows that Youngberg became the owner of the mining claims by virtue of the judgment against Hoge and sale of the property under the execution issued on that judgment prior to the pretended conveyance from Fields to Walker. The legal title was in Youngberg, subject to the mortgage lien held by Fields for the benefit of the bank. Although the deed to Fields was absolute in form, the findings and decree show that it was but a

mortgage held to secure the payment of money. When that indebtedness was paid the whole title, legal and equitable, was in Youngberg.

The complaint was filed to quiet title and determine adverse claims, and not to foreclose the mortgage or deed of trust. When it appeared that the plaintiffs merely held a mortgage on the claims, and that Youngberg held the legal title, it was the duty of the court to dismiss the complaint, because an action to determine adverse claims cannot be maintained against the holder of the legal title by one who has a mortgage lien. *Castro* v. *Barry*, 79 Cal. 443.

A trustee in a trust deed is not vested with any legal title to the property covered by the deed when he has no beneficiary interest in it. *Stevens Imp. Co.* v. *So. Ogden L. & B. Co.*, 58 Pac. 843, 20 Utah 267; *Thompson* v. *Cheesman*, 15 Utah, 51; *Peck* v. *Insurance Co.*, 16 Utah, 121.

Sec. 3498 R. S. 1898, reads as follows:

" There can be but one action for the recovery of any debt or the enforcement of any right secured by mortgage upon real estate or personal property which action must be in accordance with the provisions of this chapter. Judgment shall be given adjudging the amount due, with costs and disbursements, and the sale of the mortgaged property, or some part thereof, to satisfy said amount, and directing the sheriff to proceed and sell the same according to the provisions of law relating to sales on execution. Such judgments may be docketed at any time."

Sec. 3517, R. S. 1898, after the title "Actions to Quiet Title," reads as follows:

"A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale."

These provisions of the statute render it clear that under the pleading the court had no authority to proceed as if the action was for the foreclosure of the plaintiff's mortgage and render a decree making an accounting of the amount due on the mortgage and striking a balance as between the bank and the trustee, and render judgment therefor, with an order of sale of the defendant's property, for the amount due plaintiffs on their mortgage. The legal title to the property was in the defendant Youngberg, and the plaintiffs simply held a mortgage lien thereon. Until this lien was foreclosed the defendant Youngberg had the ownership and right to the property. In order to reach the end desired it was competent for the plaintiffs to institute a proceeding to foreclose the mortgage.

Many authorities are cited by counsel for the plaintiffs, but we do not find them applicable to a case of this character. Under the pleadings the court did not acquire jurisdiction to foreclose the mortgage and render the decree appealed from.

The decree and order of the district court is reversed, with costs of both courts, and said court is directed to dismiss the complaint, as to Youngberg, but without prejudice to further action.

BARTCH, C. J., and BASKIN, J., concur.