## DUERDEN v. SOLOMON et al.

No. 1888.   Decided April 6, 1908   (94 Pac. 980).

MORTGAGES—ABSOLUTE DEED AS MORTGAGE — EVIDENCE — SUFFICIENCY.
   Evidence *held* to support a finding that a deed absolute in form is a mortgage.

APPEAL from District Court, Second District; J. A Howell, Judge.

Action by Richard Duerden against James Solomon and another. From a judgment for plaintiff, defendants appeal.

AFFIRMED.

*N. V. Jones* for appellants.

*Dey & Hoppaugh* and *E. A. Walton* for respondent.

STRAUP, J.

The plaintiff brought this action against the defendants James Solomon and his wife, to have an instrument, on its face an absolute deed, declared a mortgage. The case was tried by the court, who found the facts substantially as follows: On the 22d day of November, 1897, plaintiff, the owner of the land in question, executed and delivered to the defendant James Solomon a certain mortgage, in form an absolute deed, by the terms of which the land was conveyed to the defendant. The deed was given to secure the payment of $1,100, money at that time loaned by the defendant to the plaintiff, and which he had promised to repay

with interest at the rate of ten per cent, per annum. It was agreed between them that the deed should be treated as a mortgage, and should be held as security. The plaintiff remained in possession of the land, paid all the taxes, and from time to time paid all the interest as it matured. No part of the principal had been paid. On the 11th day of April, 1906, the plaintiff offered to pay, and tendered to the defendant, a sum in excess of the indebtedness, and demanded a reconveyance of the premises to himself, but the defendant refused to make the conveyance upon the sole ground that he claimed to be the absolute owner of the property. The court adjudged the plaintiff the owner of the land, the instrument a mortgage, and required the plaintiff to pay the sum of $1,100 within thirty days from the entry of judgment, and quieted the title of the premises in plaintiff. The defendant appeals.

The main contention made is that the findings are not supported by the evidence. We think it is clearly shown by the great weight of the evidence that the transaction between the parties was one of security and not of sale. This case and the case just decided (*Duerden v. Solomon et al.,* 94 Pac. 978) were tried together in the court below. They are presented here on substantially the same record. Much of the evidence introduced in the one case was treated and considered as evidence in the other. The case involves a different parcel of land. Prior to 1897 the plaintiff, who was the owner of the land, mortgaged it to one Limberg to secure an indebtedness in the sum of $1,300. After the indebtedness became due, and in 1897, Limberg turned the mortgage over to his attorney for collection and foreclosure. Payment was demanded of the plaintiff and a mortgage foreclosure threatened. The plaintiff testified that he applied to the defendant for a loan, and that defendant agreed to lend him $1,100 on the property. Thereupon, and in November, 1897, they went to the office of Limberg's attorney. There the defendant paid $1,100 of the $1,300 due on the mortgage, and the plaintiff $200. The mortgage was released and cancelled. The plaintiff executed to the defendant a

note for the $1,100 payable on demand, with interest at the rate of ten per cent. per annum. To secure the payment of it he executed a mortgage to the defendant in form of an absolute deed of conveyance. The plaintiff, in the main, was corroborated by Limberg's attorney, except that he did not remember whether he drew a note as testified to by the plaintiff; but he remembered that a note was spoken of at the time. His testimony, however, is very clear that the transaction between the plaintiff and defendant was that of a loan, that the defendant paid $1,100 and the plaintiff $200, and that the deed given by plaintiff was to secure the payment made by the defendant.

In this case, as in the other case, it is shown, and not disputed, that the plaintiff remained in possession of the land and paid all the taxes. From time to time he paid the interest as it matured. The defendant in writing acknowledged the receipt of the money as payments of interest, as is more fully made to appear in a review of the facts in the case just decided where reference is made to the receipts and book entries which were also put in evidence in this case.

The defendant in his testimony admitted that the plaintiff asked him for a loan, that he went with him to Limberg's attorney, that he there paid $1,100 and the plaintiff $200 of the Limberg mortgage. He denied that a note was given, or that there was anything said about a note. He further testified: That the plaintiff told him "the fix he was in about some parcel of land and so on," and that he wanted a loan from him. He told plaintiff he would not lend any money on the property (which the evidence shows was worth greatly in excess of the mortgage indebtedness, and that the value of the land increased more than twenty-five per cent.), but he would buy it from him. That in pursuance of such an arrangement he went with the plaintiff to the attorney's office, and there bought the land for the sum of $1,100, with a verbal agreement that the plaintiff might redeem it within twelve months upon his repaying such sum, together with interest at the rate of ten per cent.

The testimony of the defendant is uncorroborated. It is disputed by plaintiff and Limberg's attorney. It is in conflict with his own receipts and book entries. It is at war with his entire conduct and all his dealings connected with the transaction. Upon an examination of the record we are so well satisfied with the correctness of the court's findings that, had the court found the transaction one of sale and not security, we would be constrained to set the findings aside.

The judgment is therefore affirmed, with costs.

McCARTY, C. J., and FRICK, J., concur.