FEDERAL TRUST COMPANY *vs.* LEWIS WOLMAN, JR.

Kennebec.      Opinion, October 25, 1935

*Harvey D. Eaton, Gordon F. Gallert,* for plaintiff.
*Bernstein & Bernstein,* for defendant.

SITTING: DUNN, C. J., STURGIS, BARNES, THAXTER, HUDSON, MANSER, JJ.

STURGIS, J. In this action of deceit, the defendant's general demurrer to the declaration was overruled and exceptions reserved.

The gist of the declaration is that on February 16, 1932, the Federal Trust Company being the holder of two promissory notes upon which $3864 in the aggregate remained unpaid and which were signed by Lewis M. Wolman, Senior, as a co-maker with a son then deceased, the defendant, another son, falsely and fraudulently represented that his father had no assets except a possible equity of redemption in certain lands, and thereby induced the bank to accept from Wolman, Senior, in payment of its notes a second mortgage which was of no value. It is also alleged that when this representation was made, as the defendant well knew, his father, Wolman, Senior, was entitled to $5,000 of insurance on account of the death of his deceased son.

The only question raised before this Court is the sufficiency of the plaintiff's allegations of damage and injury, it being conceded that all the other essential elements of actionable fraud are well pleaded.

On payment by the surviving co-maker, which is admitted for the purposes of this case by the demurrer, the promissory notes held by the bank became commercially dead. *First National Bank* v. *Maxfield*, 83 Me., 576; *Mitchell* v. *Albion*, 81 Me., 482. This is true although one of the notes was not then due. A debtor may, of course, pay his bill or note to the bona fide holder thereof at any time before maturity provided the holder consents to receive payment. The allegation of payment of the promissory notes in this declaration is an averment that the right of action of the bank on the paper was surrendered and extinguished.

The bank accepted a worthless mortgage in payment of its notes, which on the pleadings were collectible in full, states the declaration. This averment in itself shows loss or damage. It is conjecture only to assume that the bank received a note, bond or other evidence of indebtedness along with the mortgage upon which it had a present right of action and could reach the other assets of its debtor. Nor can it be inferred from the mere statement that the bank received a mortgage that it could maintain a suit on the indebtedness or other obligation secured thereby. In the absence of a covenant in a mortgage to pay the mortgage debt, or a bind-

ing admission of the indebtedness, a mortgage is not of itself an instrument which imports a personal liability on the mortgagor. In such case, the remedy of the mortgagee is confined to the land alone. *Jones on Mortgages* (*8th Ed.*), Secs. 90, 837 et 1599; 41 C. J., 653, and cases cited; 19 R. C. L., 513; see *Cook* v. *Johnson,* 165 Mass., 245, 247, and dissenting opinion in *Brookings* v. *White,* 49 Me., 479, 486.

We are of opinion that the averment in the case at bar that the Federal Trust Company accepted payment of its collectible promissory notes in a medium without value through the fraudulent representations of the defendant sufficiently alleges remediable loss or damage. In principle, the following authorities support this view. *Buck* v. *Leach,* 69 Me., 484; *Bailey* v. *London Guarantee, etc. Company,* 72 Ind. Ap. 84, 105; *Gould* v. *Cayuga County National Bank,* 99 N. Y., 333; 26 C. J. 1173.

*Exception overruled.*