CROCKETT v. NISH et ux.

No. 6666. Decided April 6, 1944. (147 P. 2d 853.)

See 5 C. J. S. Appeal and Error, sec. 1642; 36 Am. Jur. 752.

June 15, 1944, rehearing denied.

*Lewis E. Nelson,* of Logan, for appellant.

*H. A. Sjostrom,* of Logan, for respondents.

WOLFE, Chief Justice.

Suit in equity to have a deed, absolute in form, declared to be a mortgage. Defendant, Stanley Nish, filed a disclaimer. Defendant Alice E. Nish filed a counter-claim for a decree quieting title in her. The court entered a decree quieting title in defendant Alice E. Nish and the plaintiff appealed.

Since this is a suit in equity, it is our duty under Art. VIII, Sec. 9 of the Constitution, to review the facts. In examining the transcript to determine what our conclusions from the evidence will be we are to make an independent analysis of it. If at the end of that investigation ■ we are in doubt or even if there be a slight preponderance in our minds against the trial court's conclusions we will affirm. The reason for this is well stated in *Zuniga* v. *Evans*, 87 Utah 198, 48 P. 2d 513, 520, 101 A. L. R. 532, as follows:

"The trial judge had a better opportunity from seeing and hearing the witness than we have from merely reading the transcript to appraise his credibility and to determine what weight should be given to his testimony. The opinion of the trial judge is therefore entitled to some weight with us."

See also *Stanley* v. *Stanley*, 97 Utah 520, 94 P. 2d 465.

Such an examination has been made of the transcript herein. From it we arrive at the following conclusions regarding the facts: The plaintiff is the duly appointed and qualified administrator of the estate of one Jane Nish, deceased. At the time of her death, the said Jane Nish had legal title to two tracts of land, one of which is the subject matter of this suit. Both tracts were mortgaged to one Charles E. Fleming. After the death of the said Jane Nish, Fleming instituted proceedings to foreclose his mortgage. Judgment of foreclosure was entered and the property was sold to Fleming.

After the foreclosure but before the period of the option had expired, Malcolm W. Nish, husband of Jane Nish, and some of the children attempted to borrow sufficient money to redeem the land. For various reasons defendant Stanley Nish was the only applicant who could qualify for the loan. His application was approved, but the loan was never consummated. The period of redemption was allowed to expire. After title vested in Fleming, the various heirs of the Jane Nish Estate, who were still in possession of the property, entered into further negotiations with Fleming

to re-acquire title to the land. The father, Malcolm Nish, was apparently considerably disturbed over the prospects of moving from the home in which he had lived for many years. Consequently he and his son Frank induced defendant Alice Nish to send $790 to purchase this property from Fleming and pay taxes which were due on it. The name Alice Nish was filled in as grantee of the deed from Fleming and the deed was recorded. The father was permitted to use and occupy the premises until his death in 1938.

From the above we must conclude that the estate of Jane Nish lost title to the property by the foreclosure sale and the failure to redeem within the time prescribed by law. Title vested absolutely in Fleming. The purchase of the land from Fleming could not be considered a redemption. Unless the estate of Jane Nish acquired an interest in this property by virtue of this purchase it now has no interest and the trial court correctly entered a decree quieting title against said estate and all persons claiming through it. The only theory upon which it could be held that the estate did acquire a new interest in this property by the purchase from Fleming would be that it borrowed the money from Alice Nish and that the deed issued to her to secure the loan. This theory finds no support in the evidence.

Crockett, the administrator of the Jane Nish estate, did not enter into the transaction at all. Malcolm Nish received the money from Alice Nish. There is nothing to indicate that he was acting for the estate of Jane Nish. Had the property been insufficient to repay the $790 it is clear that no deficiency judgment could have been obtained against the estate of Jane Nish. No one who had any authority to bind the Jane Nish estate was involved in the transaction to procure the money from Alice. If the transaction between Alice and Malcolm is to be considered a loan to anyone, it must be treated as a loan to Malcolm. The trial court correctly refused to make any finding as to the nature of this transaction between Malcolm and Alice because Malcolm, being deceased, was not a party to the suit

nor was his estate represented. His estate could not have been bound by any judgment entered herein.

The advancement of the $790 to Malcolm Nish cannot be considered to have been a loan to the Jane Nish estate. The trial court correctly refused, therefore to construe the deed to Alice Nish as a mortgage by the Jane Nish estate. The decree quieting title against the Jane Nish estate and against all persons claiming through the said estate was properly entered. Judgment affirmed. Costs to respondents.

LARSON and McDONOUGH, JJ., concur.

WADE, Justice (dissenting).

I dissent. The prevailing opinion carefully avoids determining whether the transactions whereby Alice Nish received the purported deed from Fleming, the original mortgagee, indicated that it was a mortgage or an absolute conveyance. It holds that if the instrument was a mortgage the loan was to Malcom W. Nish and had not been made for the benefit of the estate of Jane Nish, deceased, and therefore the administrator of her estate cannot maintain this action. It intimated that if any cause of action exists it should be brought by the administrator of the estate of Malcom W. Nish, deceased.

The ultimate question here involved is whether the purported deed to Alice Nish is in reality a mortgage. This question is before us and if decided in favor of Alice Nish and we determine that it is a conveyance of a fee simple title to the property and not merely a mortgage, it will completely determine this case. I therefore think that in the interest of preventing future litigation and settling the law on that subject as between these parties that this question should now be decided.

Section 104-57-7, U. C. A. 1943, provides that:

"A mortgage of real property shall not be deemed a conveyance, whatever its terms, so as to enable the owner of the mortgage to recover possession of the real property without a foreclosure and sale."

Under this statute we have repeatedly held that a deed absolute in form is a mortgage when it is shown to have been given to secure an obligation and not as an absolute conveyance, and that the object and purpose for which it was given may be shown by parol evidence, and such evidence does not tend to vary the terms of the instrument. *Brown* v. *Skeen*, 89 Utah 568, 58 P. 2d 24; *Duerden* v. *Solomon*, 33 Utah 468, 94 P. 978; *Fields* v. *Cobbey*, 22 Utah 415, 62 P. 1020.

A careful study of all the evidence convinces me that this deed to Alice Nish was clearly given to secure a loan and not for the purpose of conveying absolute title to the property. All of the parties referred to it as a loan at the time it was made and for many years thereafter. The property remained in the possession and control of Malcom W. Nish after this deed was given, as it had prior thereto. Upon the death of Malcom, at the request of all the heirs, Frank Nish was authorized to take control of this property and neither Stanley nor Alice asserted ownership thereof. Stanley said at that time that Alice would be satisfied if she got her money back without interest. There was considerable correspondence between Stanley and Frank and some letters were written by Stanley to other members of the family, all of which indicate that Stanley considered it a loan. Stanley testified that he did not consider that the property belonged to Alice until after his father died, and admitted that he did not claim it was her property until shortly before the suit was commenced. Clearly this was a mortgage and not an absolute conveyance.

It is contended that regardless of the intention of the parties and the nature of the transaction, that there can be no mortgage without a personal liability on the part of some one. It must be conceded that there is grave doubt that any one personally obligated himself to repay the money advanced by Alice, and that this fact should be considered in determining whether the instrument in question is a mortgage or an absolute conveyance. Although there can be no mortgage without an obligation, nevertheless, there is no requirement that in order to have a valid mortgage some-

one must be personally liable to pay that obligation. *Weikel* v. *Davis,* 109 Wash. 97, 186 P. 323; *Russell* v. *Southard,* 12 How. 139, 13 L. Ed. 927; *Federal Trust Co.* v. *Wolman,* 134 Me. 86, 181 A. 815; *State ex rel. Mesker* v. *Reynolds,* Mo. Sup., 245 S. W. 1065, 25 A. L. R. 1484 and note thereto; 36 Am. Jur. 718, Mortgages, Sections 59 and 60. I therefore conclude that this instrument, although in the form of a deed, is in fact a mortgage.

This instrument being a mortgage, we must determine whether the administrator of the estate of Jane Nish can maintain this action. Malcom and Jane Nish, husband and wife on September 13, 1924, gave to Charles E. Fleming their note and mortgage for $1,000 on their home and two lots in Clarkston, and about 28 acres of land outside of that town. Later Malcom signed a note as surety for his son Frank in favor of the Z. C. M. I. and upon being pressed for the payment thereof he quit-claimed the property covered by the mortgage to Jane on September 4, 1934. On September 9, 1934, the Z. C. M. I. reduced its note to judgment. In February, 1935, Jane died and Fleming began urging the payment of the balance of $500 due on the note. Malcom approached L. E. Nelson, a government loan agent for a loan on the mortgaged premises so that he would be able to pay Fleming. Nelson suggested that Jane's estate be probated. On September 17, Fleming petitioned the court to appoint plaintiff Crockett administrator of Jane's estate and commenced action to foreclose his mortgage the next day. On October 1st, Crockett executed an appearance and disclaimer in the foreclosure suit and on October 2nd, letters of administration were issued to him. Judgment of foreclosure was entered and the mortgaged property sold thereunder to Fleming on November 12, 1935; the statutory redemption period expired May 12, 1936; three days later Fleming and wife executed and placed in the hands of L. E. Nelson, their attorney, a quitclaim deed to the mortgaged premises.

Malcom and some other members of his family continued to try to refinance this indebtedness. In July, they ap-

proached Hershel Bullen, agent for a loan company, who appraised the property at $1,700 and Melba Nelson a daughter of Malcom filed an application for a loan thereon. Later Stanley Nish, a son of Malcom, visited his father from California and he and his wife Alice signed a similar application for a loan with Bullen, who testified that this loan was approved and the money ready; but this application was withdrawn when Alice Nish, wife of Stanley, advanced $790 to pay off this indebtedness. From this money Malcom and Frank paid to L. E. Nelson sufficient to take care of Fleming's claim, attorney's fees and costs, and the balance thereof to clear up back taxes. Nelson inserted the name of Alice Nish in the purported quitclaim deed from Fleming and delivered the same to Malcom and Frank who had it recorded on September 18, 1936.

Although the statutory redemption period expired on May 12th, no sheriff's deed was issued to Fleming until August 12th. No townsite deed had been delivered to the property, this being a necessary link in the chain of title, on Fleming's petition, one was granted him on August 29, 1936.

In this state the title to mortgaged property is in the mortgagor and not in the mortgagee; this is true even though the mortgage is in the form of an absolute deed. *Thompson* v. *Cheesman*, 15 Utah 43, 48 P. 477; *Fields* v. *Cobbey*, 22 Utah 415, 62 P. 1020; *Stevens Implement Co.* v. *Improvement Co.*, 20 Utah 267, 56 P. 843; *Peck* v. *Girard Ins. Co.*, 16 Utah 121, 51 P. 255, 67 Am. St. Rep. 600; *Dupee* v. *Rose*, 10 Utah 305, 37 P. 567. Thus the title to the mortgaged property at the time of her death was in Jane Nish. Upon her death that title vested in her heirs subject to the probation of her estate and the rights of her creditors. During the period of administration, the administrator of her estate could clearly maintain an action to have a deed covering property of the estate declared a mortgage. If this property had been redeemed prior to the expiration of the statutory redemption period, and the administrator had executed a deed thereto to Alice Nish to secure the payment of the money advanced by her, the administrator would be

the proper person to bring a suit to have that deed declared a mortgage. Do the facts that the statutory period of redemption had expired and a sheriff's deed issued to Fleming, who deeded the property directly to Alice, and that the business was transacted by the heirs rather than the administrator alter this situation?

The fact that the statutory period of redemption had expired does not necessarily mean that the estate's interest in this property had terminated. The purchaser of real property under an execution sale may by express agreement during that period extend the time for redemption beyond that period, or may by his action be estopped from claiming that the owner cannot redeem after the period had expired. *Hess* v. *Conway*, 92 Kan. 787, 142 P. 253, 4 A. L. R. 1580, affirmed *Holmes* v. *Conway*, 241 U. S. 624, 36 S. Ct. 681, 60 L. Ed. 1211; *Webb* v. *Vercoe*, 201 Cal. 754, 258 P. 1099, 54 A. L. R. 1200, also note commencing at page 1207; 37 Am. Jur. 225, Mortgages section 846 and 31 Am. Jur. 521, Judicial Sales, Sec. 223. It is a fair inference from the facts that the Nishes continued to work on a loan and that Fleming executed the deed and placed it with his attorney and that the sheriff's deed was not made for several months thereafter, that there was an agreement that the period of redemption would be extended. I therefore cannot agree that the estate of Jane Nish lost its interest when the statutory period of redemption had expired.

Nor do I agree that the fact that negotiations for this loan were conducted by Malcom, Frank and Stanley Nish and Melba Nelson, rather than by plaintiff as administrator, is conclusive that this loan was not made to protect the interests of the estate in this property. True the immediate object was to allow Malcom to continue to live in the home where he had spent many years of his life, but there was also running through these transactions the idea of protecting the interests of the estate in that property. The fact that Malcom had voluntarily placed the title to that property out of himself and in his wife Jane in order to prevent a judgment lien thereon, indicated that since

the judgment was still there he would not want the apparent title back in himself. I am therefore of the opinion that the estate of Jane Nish did not lose its interest in this property, and that the court erred in dismissing the action.

MOFFAT, J., participated in the hearing, but died before the publication of the opinion.