## J. R. DEISHER v. WILLIAM STEIN, *et al.*

STATUTE OF FRAUDS; *Parol Agreement not Wholly Void; Damages.* Where a land-owner enters into a parol agreement with another person to execute to such other person a written lease for the land for a term of more than one year, and such other person in pursuance of such agreement, and with the consent of the land-owner, enters into the possession of the land, and expends time, labor, money and materials in making improvements upon the land, and in putting it in a condition to use and enjoy it during the term of his contemplated lease, and afterward the land-owner refuses to execute the lease, and ousts the contemplated lessee from the premises, *held,* that the parol agreement is not wholly and entirely void under the fifth and sixth sections of the statute of ·frauds, but is so far valid that the contemplated lessee may recover from the land-owner such damages as in justice and equity he should recover; that the taking of the possession of the property, and expending time, labor, money and materials thereon, to this extent takes the case out of the statute of frauds.

*Error from Shawnee District Court.*

THE opinion states the nature of the action, and the facts. The defendants, *Stein* and wife, filed a general demurrer to plaintiff's bill of particulars, which the court sustained at the April Term, 1884. This ruling plaintiff brings here for review.

*F. G. Hentig,* for plaintiff in error.

*Hazen & Isenhart,* for defendants in error.

The opinion of the court was delivered by

VALENTINE, J.: This action was brought by J. R. Deisher against William Stein and Anna Stein, his wife, before a justice of the peace of Shawnee county, and after judgment in favor of the plaintiff and against the defendants, the defendants appealed to the district court, where the plaintiff filed an amended bill of particulars, which reads as follows:

"The plaintiff herein complains of the defendants, and says: That on or about the 4th day of June, 1883, the defendants, William Stein and wife, agreed to lease to this plaintiff for a term of five years from that date, lot No. 118, on East Fourth

street in the city of Topeka, Shawnee county, Kansas, at an annual rent of $100 per year, and this plaintiff agreed to lease from said defendants said premises at the rate aforesaid; and it was agreed between the plaintiff and defendants that a lease in writing should be executed by and between the parties hereto as above set forth; and plaintiff further says that, relying upon the contract and agreement so made as aforesaid, and with the consent of said defendants, he went into possession of said lot and commenced to build a stone building for the purpose of selling groceries therein; that he made contracts for stone-work and other materials for said buildings at a great expense and outlay to himself, and spent twenty-one days' time in getting said material and labor together and contracts made for the erecting of said building; and plaintiff says that after he had made said contract and purchased said material and commenced work on said building, the said defendants stopped this plaintiff in his work, and refused to make said lease in writing, and told this plaintiff they would not execute said lease, and then and there refused to comply with their agreement; and thereupon said defendants went into possession of said lot and have so continued ever since, to the great damage of this plaintiff in time, labor and money, materials, etc., in the sum of $100. Wherefore, plaintiff prays judgment against said defendants, William Stein and Anna Stein, his wife, for the sum of $100, and costs of suit."

The defendants demurred to this bill of particulars, upon the ground that it does not state facts sufficient to constitute a cause of action; which demurrer the court sustained, and the plaintiff excepted, and now, as plaintiff in error, brings the case to this court, and assigns for error the sustaining of said demurrer.

It would seem from the proceedings in this case that the only contested question involved therein, either of law or fact, is as follows: Where a land-owner enters into a parol agreement with another person to execute to such other person a written lease for the land for a term of more than one year, and such other person, in pursuance of such agreement, and with the consent of the land-owner, enters into the possession of the land, and expends time, labor, money and materials in making improvements on the land, and in putting it in a condition to use and enjoy it during the term of his contemplated lease, and

afterward the land-owner refuses to execute the lease and ousts the contemplated lessee from the premises, is the parol agreement wholly and entirely void under the fifth and sixth sections of the statute of frauds, or is it so far valid that the contemplated lessee may recover from the land-owner such damages as in justice and equity he should recover?

It must be remembered that in Kansas all the old forms of action, and all distinctions between actions at law and suits in equity, are abolished, and in their stead only one form of action is recognized, called a civil action; and in this form of action all that a plaintiff needs to do in stating his cause of action is to state the facts of his case; and if such facts would entitle him to recover in any form of action, either at law or in equity, he will be entitled to recover under such statement. It must also be remembered that this action was commenced before a justice of the peace, and in justices' courts parties are not required to state the facts of their cases with that same degree of precision, exactness, fullness and circumstantial detail that they are required to state them in cases brought in the district court.

After these preliminary statements, we would state that we think the plaintiff's bill of particulars states a good cause of action. Of course the parol agreement set forth in such bill of particulars was void in its inception, and would have remained void if the parties had done nothing to take the case out of the statute of frauds; but the statute of frauds was enacted to prevent fraud, and it cannot be invoked for the purpose of enabling parties to commit fraud. When the plaintiff, Statute of frauds; with the consent of the defendants, and in purparol agreement not suance of the parol agreement, took possession of wholly void; damages. the property, and expended time, labor, money and materials thereon for the purpose of placing it in a condition for use under the contemplated lease, the case was taken out of the statute of frauds to such an extent that the plaintiff is not to lose what he expended under the parol agreement between himself and the defendants. ( *Griggs v. Dwight*, 17 Wend. 71; *Ryan v. Dox*, 34 N. Y. 307; *Harris v. Frink*, 49

id. 24; *Grant v. Ramsey,* 7 Ohio St. 157; *Bard v. Elston,* 31 Kas. 274; *Becker v. Mason,* 30 id. 703; Taylor's Landlord and Tenant, ch. 1, § 2, ¶ 32; 2 Reed on the Statute of Frauds, 582.)

Of course the case should not be taken out of the statute of frauds any further than is necessary to do justice and to prevent fraud; and to pay the plaintiff a fair compensation for what he has lost by reason of the parol agreement between the parties is probably sufficient for that purpose. We think under our practice and procedure the authorities cited by the defendants are not applicable. In the most of them the facts differ materially from the facts of this case, and in others it is simply stated that the plaintiff under the circumstances has no action at law, although he may have in equity.

The judgment of the court below will be reversed, and the cause remanded with the order that the demurrer to the plaintiff's bill of particulars be overruled.

All the Justices concurring.