MARY EDWARDS, Respondent, *v.* W. S. SPALDING, Appellant.

(Submitted June 7, 1897. Decided June 14, 1897.)

*Lease—Assignment of by Partner—Same, Statute of Frauds.*

Lease—*Assignment of by Partner*—A lease which is made to "A," "B" and "C," co-partners doing business under the firm name of the "N. D. Co.," may be assigned by an assignment executed in the firm name by one of the partners, if done by authority of the other members of the firm or ratified by them.

Same—*Statute of Frauds*—Where the lessee assigned his lease in a writing by the terms of which the assignee agreed to pay the rent, and the assignee went into possession of the property under the lease, he cannot claim that the assignment is void under the Statute of Frauds.

Same—*Release*—The mere fact that the lessor accepted rent from the defendant's assignee, will not release defendant from liability for rent.

*Appeal from District Court, Lewis and Clarke County. Henry N. Blake, Judge.*

Action by Mary Edwards against W. S. Spalding and F. A. Canfield. From a judgment for plaintiff, defendant Spalding appeals. Affirmed.

Statement of the case by the justice delivering the opinion.

This is an action to recover rent. It appears from the record and pleadings that on the 28th of January, 1892, the plaintiff entered into a contract with N. Dysinger, George H. Dysinger, and F. A. Canfield, one of the defendants herein, co-partners doing business under the firm name of the N. Dysinger Company, by which she leased to them certain premises situated in the City of Helena, and which are described in said contract; that under and in pursuance of the provision of said contract the said N. Dysinger Company went into possession of the premises, and remained in possession of the same until June 29, 1892, when said firm assigned its interest in said contract by its contract in writing indorsed thereon as follows : .

"Helena, Montana, June 29th, 1892. For value received the undersigned, the N. Dysinger Company, hereby sell and

assign to W. S. Spalding and F. A. Canfield all of our right, title, and interest in and to the annexed lease. [Signed] The N. Dysinger Company."

It further appears that at the time of this assignment, and as a part of such transaction, the defendants in the suit undertook by their contract in writing, indorsed on said lease and under said assignment, as follows :

"We, W. S. Spalding and F. A. Canfield, hereby accept the foregoing assignment; and, for value received, we hereby assume all the obligations of said lease on the part of the lessees to be performed, and agree to carry them out. [Signed] W. S. Spalding. F. A. Canfield."

This assignment was consented to, and said undertaking by the defendants accepted, by the plaintiff, by her written indorsement on said lease, and under the undertaking of the defendants, as follows : "In consideration of the foregoing, I hereby consent to the said assignment. [Signed] Mary Edwards."

The defendants went into the possession of the premises, and occupied the same for some time, under the assignment to them by the N. Dysinger Company. This suit is brought to recover of the defendants the sum of $913.30, claimed to be due as rent for said premises.

Only the defendant Spalding answered. He admitted the execution of the lease by plaintiff to the individual members of the N. Dysinger Company, but denied that it was executed to them as a co-partnership; admitted the assignment as stated in the complaint by the N. Dysinger Company, and the entering into the contract executed and signed by Spalding and his co-defendant, assuming the obligation to pay and perform the conditions of the lease as alleged in the complaint. Defendant denied that he remained in possession of the premises longer than until the 17th day of August, 1892, when he alleges he delivered possession of the premises to Joseph Gokey, Romeo Lavigne, and his co-defendant, F. A. Canfield. He further alleged that the rents were fully paid during the time he was in possession of the premises. The defendant

also denied the amount alleged to be due, or any sum due from him to the plaintiff.    For separate defenses, defendant alleged,.

First.    "That on or about the —— day of August, 1894,. the plaintiff, through her son and agent,· Frank G. Edwards, without the knowledge or consent of the defendants or either of the lessees named in said lease, or of the parties to whom this defendant delivered the possession of said premises, obtained the key to said premises, and entered into possession thereof, evicted the occupants thereof, and stored merchandise in said premises, and has continued to occupy the basement of said premises as a storeroom."

Second.    "The defendant alleges that the written contract by which he and his co-defendant, Canfield. assumed the obligations of the original lease, was and is null and void, for the reason that neither said contract nor the pretended assignment of said lease are subscribed by either George N. Dysinger or N. Dysinger, or their, or either of their, lawfully authorized or other agent, as prescribed by sections 219 and 220 of the Fifth Division of the Compiled Statutes of Montana."·

Third.    "That on the 17th day of August, 1892, this defendant delivered the possession of the premises to Joseph Gokey,· Romeo Lavigne,· and his .co-defendant, who entered into possession thereof with knowledge and consent ·of the plaintiff herein, and paid the rent thereof according to the terms of said lease for a period of several months after; that said plaintiff accepted said rent from said last-named parties, and never·made any demand for rent for said premises upon this defendant until about the time of the commencement of this action; this defendant claiming that by reason thereof the plaintiff accepted said parties as her tenants,, and thereby released this defendant from all obligations under said lease."

Fourth.    "This defendant alleges that there was no consideration for the contract by which he and his co-defendant assumed the obligations of the original lessees of said lease, and that the same is void for want of consideration."

The plaintiff demurred to ·the second, third, and fourth separate defenses pleaded by defendant Spalding for the reason

that they did not state facts sufficient to constitute a defense, and that the third separate defense, which attempts to plead a release by the plaintiff of the defendant, is ambiguous and uncertain, and that it does not state how plaintiff accepted the parties named in said special defense as her tenants, or that she did any other act except to receive the rent due on said premises from the parties occupying the same, or whether plaintiff released this defendant by instrument in writing or orally.

The court sustained this demurrer, whereupon the plaintiff filed a replication denying the agency of Frank G. Edwards, and denying that he or anybody else ever in any manner evicted the defendant or any other person or persons from said premises.

The case was tried to a jury, who returned a verdict for plaintiff in accordance with the prayer of the complaint, and upon which verdict a judgment was rendered against the defendant. The defendant appeals from the judgment and an order overruling a motion for a new trial.

*McConnell, Gunn & McConnell,* for Appellant.

*T. J. Walsh,* for Respondent.

PEMBERTON, C. J.—The only material question involved in this appeal is as to whether the court below erred in sustaining plaintiff's demurrer to the separate special defenses pleaded in defendant's answer.

The second separate defense alleged that the assignment of the lease to defendants by the N. Dysinger Company was void because not signed by the individual members of said firm. The fourth separate defense alleged that there was no consideration for the assignment, or the assumption of the obligations of the original lessees by defendants, and that the same is therefore void. As these two defenses involve the statute of frauds, we will treat them together.

We think there can be no question as to the fact that the lease was made to the Dysingers and Canfield as members of

the co-partnership known as the N. Dysinger Company. The
lease so states. The evidence shows that the firm took pos-
session of the premises, and used and occupied them for the
benefit of the co-partnership until they assigned the lease to
defendants. The lease was partnership property. The firm
assigned it to the defendants. The appellant says he and his
co-defendant went into possession of the premises under the
assignment by the firm, and that he paid all the ren's due
while he and his co-defendant held possession under that as-
signment. The lease being partnership property, the assign-
ment thereof by one of the firm was valid, if done by
authority of the other members of the firm, or ratified by
them. (McGahan v. Bank, 156 U. S. 219, 15 Sup. Ct. 347;
1 Devl. Deeds §§ 110, 111; Wilson v. Hunter, 14 Wis. 744.)
The evidence in this case shows that the lease was signed by
N. Dysinger with G. Dysinger's consent. Canfield, the other
partner, ratified it by accepting the assignment, and agreeing
in writing to pay the rents.

The appellant having accepted the assignment of the lease
in writing, and agreeing thereby to pay the rents, and having
taken possession of the premises under the assignment by the
N. Dysinger Company, and having paid the rents while in
possession, placed himself in a position where he could have
enforced a specific performance of the contract against the N.
Dysinger Company, if that firm had refused to perform its
contract; and, of course, the firm could have enforced the con-
tract against him. Under such circumstances the contract is
taken out of the statute of frauds, and the appellant is not in
a position to resist a recovery upon the contention that the
contract is void under that statute. (Scott v. Bush, 26 Mich.
418; Nelson v. Implement Co., 96 Ala. 515, 11 South. 695;
Abbott v. Draper, 4 Denio, 51; Wallace v. Scoggins (Or.) 17.
Am. St. Rep. 749, and notes (s. c. 21 Pac. 558); Reed, St.
Frauds, §§ 281, 381.)

We are unable to find any support for the contention that
there was no consideration to support the assignment of the
Dysinger Company to appellant and his co-defendant and their

acceptance thereof in writing, and agreement to pay the rents of the premises. The assignment of the lease to them, which we hold to be valid and binding, was a sufficient consideration, in law and equity, for the payment of rents by them. In a written contract, a consideration is presumed. Section 2169, Civil Code.

The fourth separate defense of appellant alleged, or attempted to allege, a release of defendant, by showing that plaintiff accepted rent of the parties to whom appellant assigned his interest in the lease.

The evidence is not satisfactory that this allegation is true. It is the only allegation on which appellant bases his contention of release. The plaintiff in her testimony says that Canfield paid what rent was paid. Canfield is one of the parties that the Dysinger Company assigned the lease to, and to which assignment the plaintiff assented. But, if it were undisputed that plaintiff accepted rent from the appellant's assigns, this alone would not show a release of appellant. There is no allegation in the special defense that plaintiff accepted appellant's assigns as her tenants. *Hunt* v. *Gardner,* 39 N. J. Law, 531.

We see no error in the action of the court in sustaining the demurrer to appellant's answer. The matters specially pleaded constituted no defense.

There is no substantial evidence to support the defense that Frank Edwards, the son of plaintiff, was her agent in the matter, and that he evicted the assigns of the appellant from the leased premises. There is no merit in this defense.

It seems that in this case the appellant, when he assigned his interest in the lease, neglected to protect himself against the default of his assigns. If the result is a hardship to him, it is attributable to his own negligence. That is all there is in the case.

The judgment and order appealed from are affirmed.

*Affirmed.*

HUNT and BUCK, JJ., concur.