[No. 4221.   Decided September 23, 1902.]

JOHN BROWDER et al., Appellants, v. NELLIE PHINNEY, Respondent.

ACTIONS — FORM OF — EQUITABLE RELIEF IN ACTION FOR DAMAGES.

Under Bal. Code, § 4793, which provides that there shall be in this state but one form of action for the enforcement or protection of private rights and the redress of private wrongs, which shall be called a civil action, it was error for the court to dismiss an action for damages for forcible and wrongful eviction from leased premises on the ground of the invalidity of the lease in law for lack of acknowledgment, when in fact the lease was enforcible in equity as a valid contract by reason of part performance thereunder.

TRIAL — CHALLENGE TO EVIDENCE — EFFECT OF DENIAL.

The overruling of defendant's challenge to the sufficiency of the evidence does not entitle plaintiff to judgment, under the practice in this state.

Appeal from Superior Court, King County.—Hon. WILLIAM R. BELL, Judge. Reversed.

*S. S. Langland* and *W. T. Scott,* for appellants.

*Piles, Donworth & Howe,* for respondent.

The opinion of the court was delivered by

· DUNBAR, J.—This is an action for damages for wrongful and forcible eviction from leased premises. Plaintiffs obtained from the defendant, on the 31st day of August, 1899, a contract or lease of two store rooms in Seattle, described, for a term of three years, with stipulated rent, which contract or lease was signed by defendant, Nellie Phinney, through her agent, Daniel Jones, and delivered to plaintiffs. Plaintiffs alleged that they were put in possession of said premises by defendant on October 1, 1899; that they paid rent therefor for the months of October and November of said year to said defendant, and said rent was accepted by said defendant; in short, that they were incommoded during the time of their lease by the improvements which were made upon the premises for the lessors, and were finally, on the 12th day of January, 1900, forcibly evicted from the premises by defendant. At the opening of the trial, defendant's counsel objected to the introduction of any testimony under the complaint, for the reason that it did not state facts sufficient to constitute a cause of action, which motion was denied. At the close of plaintiffs' testimony defendant moved for a nonsuit on the ground that the instrument sued on was invalid, and that the plaintiffs had not shown any facts to take it out of the statute of frauds, and for the further reason that authority

in the agent to execute the lease was not shown.   This motion was denied by the court.   Counsel for defendant then moved the court to instruct the jury to return a verdict for defendant on the ground that a court of law has no power to entertain this suit.   This motion was granted, and the case dismissed, the court taking the view that the lease was invalid in law because it was not acknowledged, and that the facts showing part performance of the contract could be enforced in equity, but could not be shown in an action at law.

We think the court erred in dismissing the action. Whether or not the contract or lease was originally illegal, it is not necessary for the purpose of this discussion to determine.   But if illegal, a part performance of the contract, either by the plaintiffs taking possession of the premises under the lease or by the payment and acceptance of rent under the terms of the lease, would render the lessor liable for damages for its violation by him; and the court, in holding that part performance could not be shown in an action for damages, lost sight of the rule of concurrent jurisdiction with which courts are clothed, especially under the reformed procedure.   Our statute (Bal. Code, § 4793) provides that there shall be in this state but one form of action for the enforcement of private rights and the redress of private wrongs, which shall be called a "civil action"; and this statute evidently means something.   It was not intended by this enactment of the law-making power to leave in force or to perpetuate the old distinctions which existed at the common law between legal actions and equitable procedures, so far as the manner of bringing the actions is concerned.   It was plainly the intention thereby to abolish such distinctions, and to substitute for all other forms of complaint a statement of facts, for it provides that the complaint shall contain a plain and concise statement of

facts constituting the cause of action, and this plain and concise statement of facts must necessarily be the same (if it is a concise statement of facts) whether the relief or remedy sought by the action be equitable or legal in its nature. In this case, if the plaintiffs had demanded specific performance, the statement of facts on which the demand would have been based would have been identically the same statement as that upon which the demand made *was* based. It is not in accordance with the spirit of the code to turn a litigant out of court, and subject him to the costs and delays of bringing another action before the same tribunal on the same pleadings. If there could be any doubt as to the meaning of the statute in this respect, it is set at rest bv the further provision that the defendant may set forth by answer as many defenses and counterclaims as he has, whether they be such as have heretofore been denominated legal or equitable, or both; for it cannot be presumed that the legislature intended to make provision for the determination in one action of legal and equitable rights alleged in an answer, and to preclude the determination in the same action of legal and equitable rights alleged in the complaint. It may not have been the intention of the legislature to abolish all the distinctions which have so long existed between legal and equitable proceedings and the rules governing them. That question it is not necessary to discuss here. But it was the evident intention to provide for the trial and determination of all rights, whether denominated legal or equitable, in one action, and to relieve from the necessity of a multiplicity of suits to determine controversies between litigants. The superior court is a court of general jurisdiction. It has the power to try either legal or equitable proceedings, having concurrent jurisdiction in both. It is not a law court, nor an equity court, nor a probate court, but it is all the time the superior

court of general jurisdiction, empowered to try all these differently termed causes under the title of a civil action; and when it has once acquired jurisdiction of that civil action it may proceed in an orderly way to determine equitable, legal, or probate controversies. This view is well expressed in the case of *Filley v. Murphy, ante,* p. 1 (70 Pac. 107), where it is said:

"It is assigned as error that the court overruled the appellant's demurrer to the petition for citation. This assignment is based upon the theory that the petition showed upon its face that the title and right of possession to certain property were involved, and that the court sitting in a probate proceeding could not hear it. If the demurrer had been interposed to the petition before the issuance of the citation, the question would then have been presented whether, under the facts stated, relief by way of citation could be had; but, in any event, we think the court might have proceeded to settle issues under the petition for trial. In this state we have no probate court, properly speaking, as distinguished from the court that entertains jurisdiction of other matters. The court of general jurisdiction also hears and determines probate matters. Matters pertaining to probate are referred to what is called 'probate procedure,' as distinguished from what is denominated 'civil' or 'criminal procedure.' But when the court, sitting in a probate proceeding, discovers in a petition the statement of facts which forms the basis of a controversy, we see no reason why it may not settle the issues thereunder when an appearance has been made thereto, and then proceed to try it in a proper manner, as any other civil cause. The court may require the proceeding to be separately docketed, if, when the issues are formed, it appears to be such as should be thus docketed. Whether a citation should have issued on the strength of this petition or not, it is nevertheless true that appellant responded to the citation. and appeared generally by demurrer to the petition, and asked its dismissal simply on the ground that the court could not hear it as a probate proceeding. We think it was

not necessary to sustain the demurrer and dismiss the proceeding on that ground.   But under our liberal practice as to the form of actions the petition could be treated as in the nature of a complaint.   The issues could be framed thereunder, and the cause tried without requiring another statement of the same facts under some other form or name. If it developed that it was not properly a probate proceeding, it would not be treated as such.   We think the court did not err in overruling the demurrer and in refusing to dismiss the petition."

The same reasoning applies here.   When the court, which has jurisdiction over both equitable and law proceedings, discovered in the complaint the statement of facts which formed the basis of the controversy between the litigants, he should have proceeded to settle the issues, and not have dismissed the plaintiffs out of court and imposed upon them the delays, costs, and annoyance of bringing another suit, which would necessarily have been based upon the same statement of facts; for at all times, if the plaintiffs had a cause of action at all, it was based upon the contract or lease, coupled with the part performance alleged.   The principle evidently sought by the legislature to be engrafted upon our procedure is intelligently stated by Mr. Pomeroy in his work on Equity Jurisprudence (2d ed.), § 183, where it is said:

"The fundamental principle of this reformed system is, that all distinctions between legal and equitable actions are abolished, the one 'civil action' is the single judicial means of enforcing all rights in a court clothed with both jurisdictions of law and of equity in combination, and in this civil action legal and equitable primary rights, causes of action, and defenses, may be united, and legal and equitable remedies may be obtained.   In applying this principle, the following results have been well established:   Whenever a plaintiff is clothed with primary rights, both legal and equitable, growing out of the same transaction or condition of facts which thus constituted a cause of action, and is en-

titled thereon to an equitable remedy, and also to a further legal remedy based upon the supposition that the equitable relief is granted, and he sets forth all these facts in his petition, and demands a judgment awarding both species of relief, the action will be sustained; the court will, in its judgment, formally grant both the equitable and the legal relief."

And again in § 87:

"Wherever the reformed procedure has been administered according to its plain intent, the necessity of this double judicial proceeding has been obviated; indeed, if the true spirit of the new procedure is accepted by the courts, such a separation of equitable and legal rights and remedies, and their prosecution in distinct actions, will not perhaps be allowed. The plaintiff brings one civil action in which he alleges all the facts showing himself entitled to both the equitable and the legal reliefs needed to complete his legal right, and asks and obtains a double judgment, granting, first, the proper equitable remedy, and secondly, the legal remedy, by which his juridical position with respect to the subject matter is finally perfected."

There was sufficient testimony in the case for the consideration of the court or jury on the question of agency and of part performance. We do not, however, agree with the contention of the appellants that they are entitled to judgment because the sufficiency of the evidence was challenged by the respondent. Nor do we think this court has ever held such a doctrine. It has been the universal practice, which, so far as we know, has gone unchallenged, that, where a motion of this kind has been overruled, the defendant either stood upon the motion or proceeded with the introduction of his testimony.

The judgment will be reversed, with instructions to the lower court to try the cause and determine the issues.

REAVIS, C. J., and ANDERS, MOUNT, FULLERTON, HADLEY and WHITE, JJ., concur.