IDA McCLUNG v. WILLIAM A. PENNY.

(Filed October 4, 1902.)

1. EJECTMENT—Suit Can be Maintained for Possession of Land by Holder of U. S. Receiver's Duplicate Final Receipt. A person holding the duplicate final receipt of the receiver of the United States land office for land taken under the provisions of the homestead laws of the United States, can maintain an action in the nature of ejectment for the possession of the land described in such final receipt.

2. INDIAN RESERVATION—Intending Settler Not Disqualified by Starting Therefrom, When. One who was within the Osage Indian reservation before the hour of 12 o'clock noon, (central standard time), of September 16, 1893, and made the race from said reservation into the part of the Cherokee Outlet, opened to settlement on that day, is not by reason thereof, disqualified from settling, filing homestead entry upon, and acquiring title to a quarter section of land within the country then declared open to settlement.

(Syllabus by the Court.)

*Error from the District Court of Kay County; before Bayard T. Hainer, Trial Judge.*

*W. M. Bowles,* for plaintiff in error.

*C. W. Ransom* and *Dale & Bierer,* for defendant in error.

STATEMENT OF FACTS.

An action in ejectment brought by the defendant in error against the plaintiff in error, in the district court of Kay county to obtain possession of one hundred and twenty-nine acres of land, being a portion of lots three and four, and the east half of the southwest quarter of section thirty, in township twenty-six, north, range one east, of the Indian Meridian,

Kay county. Judgment for defendant in error; plaintiff in error brings the case here by petition in error for review. Affirmed.

Opinion of the court by

BEAUCHAMP, J.: Charles R. McClung, deceased husband of plaintiff in error, made the race for, and settlement upon, the land in question at the opening of the Cherokee Strip, made lasting and valuable improvements during his life time, and resided with his family thereon; since his death the occupation and settlement has been kept up by his widow, plaintiff in error. Contest proceedings were instituted and litigated through the department of the interior, and the land was finally awarded to the defendant in error, who, in due time, made final proof and received the receiver's final duplicate receipt therefor.

It is admitted by the pleadings that the deceased husband of plaitiff in error made the run from the Kansas line, and that the defendant in error made the run from the Osage nation.

Defendant in error, in his petition below, claims possession of the property. Plaintiff in error, in her answer, gives the history or her husband's initiative acts in making settlement, and alleges that the department of the interior committed an error of law in holding that a party who ran from the Osage nation was qualified; and further, that the court erred in holding that the defendant in error had such an equitable title, based upon the receiver's final duplicate receipt, upon which to base a suit in ejectment.

There are two propositions raised and contended for by the briefs in this case. The plaintiff in error contends:

1st. That the receiver's final duplicate receipt is not a sufficient equitable title upon which to base an action of ejectment and

2nd. That the defendant in error was disqualified to enter the tract of land involved by reason of having made the run into the Cherokee Outlet on September 16, 1893, from the Osage Indian reservation.

Section 4492, Statutes of 1893, provides, that an action of this character may be maintained by a person having a legal and equitable estate in the land, and who is entitled to the possession thereof; and it is not necessary that a person bringing such action should show a legal estate, as the legislature has declared that the equitable estate is sufficient upon which to base the action, and it is not necessary that a party hold the patent to land from the government in order to be possessed of an equitable estate.

Section 4273 reads:

"The usual duplicate receipt of the receiver of any land office, or, if that be lost or destroyed, or beyond the reach of the party, the certificate of such receiver that the books of his office show the sale of a tract of land to a certain individual is proof of title equivalent to a patent against all but the holder of an actual patent."

In the case of *Flanagan v. Forsythe,* 5 Okla. 225, it is held that the homestead entryman who had made final proof and procured his final receipt, had such equitable estate in a tract of land so conveyed as was subject to seizure for the debts of an entryman. In the case of *Laughlin v. Fariss,* 7 Okla. 1, this court held that an entryman with a final receipt had such an equitable title to a tract of land as would

20—Vol 12

give him the right to an action for ejectment, and, therefore, he could not maintain a mandatory injunction. We quote from the syllabus:

"A person qualified to acquire title to such land becomes the equitable owner of the tract covered by his homestead entry, upon complying with all the requirements of the federal laws as to improvements, occupancy and cultivation and making final proof and receiving final certificate therefor, and his grantee is invested with such title by accepting a conveyance by warranty deed, to said tract of land from said entryman."

"An equitable title to a tract of land is sufficient to authorize the maintaining of an action in the nature of ejectment by the holder thereof, for the possession of said tract, under section 614 of the civil code." (Section 4492.)

The defendant in error having made final proof and received the final receipt of the receiver of the United States land office under the provisions of the homestead laws of the United States, can maintain this action for the possession of the land described in such final receipt, and which is fully authorized by our statutes and under the former decisions of this court.

The second proposition has been fully decided in the case of *Robert L. Winebrenner v. Forney,* opinion filed at this term of court, (11 Okla. 565,) where it is held, that: "One who was within the Ponca Indian reservation before the hour of 12 o'clock, noon, (central standard time,) September 16, 1893, and made the race from such reservation into that part of the Cherokee Outlet which was opened to settlement on that day, is not, by reason thereof, disqualified from settlement upon and filing homestead entry upon a quarter section of land in the country then declared open to settlement." This, it will

be seen, is decisive of this proposition, and it will be unnecessary, therefore, to discuss it further herein.

There being no error, the judgment of the trial court is affirmed, with costs to plaintiff in error.

Hainer, J., who presided in the court below, and Pancoast, J., having been of counsel in the court below, not sitting; Irwin, J., absent; all the other Justices concurring.