## TYLER COMMERCIAL COLLEGE v. STAPLETON.

No. 688. Opinion Filed July 23, 1912.

(125 Pac. 443.)

1.  **FRAUDS, STATUTE OF**—Contracts Relating to Real Property—Effect of Performance. The owner of a building leased same to a corporation for a period of three years at a stipulated rental of $75 per month. The lessee, after the expiration of about one year, by parol agreement, assigned the lease. The assignee took possession of the demised premises, paid the purchase price for the lease, and performed the covenants thereof by paying for a time the monthly rentals to the lessor, as provided in the lease contract; but, before the expiration of the lease, the assignee abandoned the premises and refused to pay the rents for the unexpired term. Held, that the assignment of the lease was in violation of the statute of frauds, and void (section 1089, Comp. Laws 1909), but that the acts of the assignee relieved it from the operation of the statute, and that the assignee was liable to the lessor for the full term of the lease.

2.  **LANDLORD AND TENANT**—Assignment of Lease—Liability of Assignee. The assignee of a lease is liable to the lessor by reason of privity of estate for rents on the demised premises, so long as the privity of estate continues.

3.  **SAME.** An assignee cannot, by mere abandonment of possession of the premises, without an assignment of the lease, avoid liability for rents.

(Syllabus by the Court.)

*Error from District Court, Logan County;*
*A. H. Huston, Judge.*

Action by Alta Z. Stapleton against the Tyler Commercial College. Judgment for plaintiff, and defendant brings error. Affirmed.

*Tibbetts & Green,* for plaintiff in error.

*C. G. Hornor,* for defendant in error.

HAYES, J.   Defendant in error, hereinafter called plaintiff, brought this action in the court below against plaintiff in error, hereinafter called defendant, to recover the balance due her as rents on a certain building located in the city of Guthrie.   She alleges in her petition and amendments thereto that she leased to the Capital City Business College, a corporation, certain rooms in her building, in the city of Guthrie, for a period of three years, beginning on January 1, 1904, and expiring January 1, 1907; that the Capital City Business College took possession of said rooms under the lease, and retained them and paid the rents thereon until the month of October, 1904, at which time it sold, assigned, and delivered to defendant said lease contract and possession of said rooms.   She further alleges that defendant assumed said lease contract, and agreed with the Capital City Business College, for a good and valuable consideration, to pay the rent thereunder to the plaintiff in the sum of $75 per month for the full, unexpired term of said contract.   She alleges that defendant occupied said premises and paid the rents thereon until September 27, 1905, at which time it vacated the premises and thereafter refused to pay the rents.   She alleges that after the premises had been vacated by defendant, and it had refused to pay further rents thereon, she took possession of the premises, and, after making certain repairs, was able to re-rent the premises only at a reduced rent.   She prays judgment for the amount of the rents at the rate of $75 per month, as stipulated in the contract, for the time the building stood vacant after the same was vacated by defendant, and for the difference in the rental provided for in the contract and the amount she was able to re-rent the building for, after

the same was vacated by defendant, for the remainder of the term.

After answer of defendant, admitting several of the allegations of the petition, but denying that it assumed the lease, or that it agreed to pay the rents to plaintiff thereunder for the remainder of the term, the cause was tried to the court, without a jury, who made findings of fact and conclusions of law in part as follows:

"(1)   Upon a consideration of the evidence, the court finds that on and prior to the 28th day of November, 1903, the plaintiff was the owner of the real estate described in her petition and the lease attached thereto, and that on said date she executed and delivered to the Capital City Business College, a corporation, a lease for said premises to continue for the term of three years from the 1st day of January, 1904, until the 1st day of January, 1907, and for which said corporation was to pay her the sum of $2,700, payable in monthly installments of $75 each at the beginning of each month.

"(2)   That on or about the 1st of November, 1904, the Capital City Business College sold out all of its assets to certain individuals, who immediately transferred the same to the defendant, the Tyler Commercial College, a corporation, and that the Capital City Business College was by said transfer of all of its assets in effect dissolved, and it ceased to exist as a corporation thereafter, and that the defendant, Tyler Commercial College, succeeded to all of its assets, property, contracts, rights, and good will.

"(3)   That the defendant, the Tyler Commercial College, continued to carry on business in the city of Guthrie under the name of the Capital City Business College, and continued to operate the business college and to occupy the premises of the plaintiff up until the 30th day of September, 1905, and paid to her the rent stipulated in the lease.

"(4)   That on the 17th day of August, 1905, the defendant served a written notice upon the plaintiff that it would terminate its tenancy and would vacate the premises on or about the 30th day of September, 1905, and that it did vacate the premises described on the 30th day of September, 1905.

"(5)   That in payment of the September, 1905, rent, the defendant sent to the plaintiff a check, upon which was written in small letters, 'House rent, in full of implied contract;' and the court also finds that the plaintiff did not see or observe the same before cashing the check.

Tyler Commercial College v. Stapleton.

"(6)    That after said premises were vacated by the defendant the plaintiff expended the sum of $500 in rearranging the interior of the building for another tenant.

"(7)    That on the 15th day of December, 1905, the plaintiff re-rented said premises to another tenant for the sum of $40 per month, and has continued to receive from such other tenant the sum of $40 per month on and through the remainder of the term fixed in the lease."

## CONCLUSIONS OF LAW.

"(1)    From which the court concludes that the original lease from the plaintiff to the Capital City Business College was a valid lease, and binding upon the Capital City Business College, and that the defendant, Tyler Commercial College, in succeeding to all of the assets, property, and good will of the Capital City Business College, and under its rights under the lease, became liable for its contracts, and liable to perform its contract to pay the rent stipulated under this lease."

Other conclusions of law were made by the trial court; but it is not necessary to set them out here. The judgment was for the plaintiff, as prayed for, except that she was not allowed for money expended in repairing the building and remodeling it, in order to rent it after it had been vacated by defendant.

There was a motion for a new trial by defendant, urging as one of the grounds for a new trial that the findings of the court were not supported by the evidence; and the overruling of this motion is assigned as error in the petition in error. But in defendant's brief this assignment is not set out; nor is it pointed out in the brief what findings of the court are without sufficient evidence to support them. It therefore must be taken by this court that the finding of the court upon the facts is correct.

There is no specific finding of the court that the Capital City Business College, by any written contract, ever assigned the lease to defendant; and there is absence of any evidence in the record to that effect. Nor is there any separate, specific finding that the Capital City Business College otherwise sold and assigned the lease to defendant; but we construe finding of the court, numbered 2, in which it is found that all the assets of the Capital City Business College were transferred to certain

persons, and that those persons transferred same to defendant, to be in effect a finding that there was a parol assignment of said contract; and counsel for defendant, in their brief, have dealt with the case upon the theory that there was a parol assignment to defendant by the Capital City Business College of its lease with plaintiff. Defendant contends, first, that such parol assignment is within the statute of frauds, and therefore void; second, that the taking of possession of the demised premises by defendant, and the payment of rents thereon for the portion of the term defendant occupied the premises, does not relieve the parol assignment from the operation of the statute of frauds; and, third, that if such performance does relieve the parol assignment of the statute, an assignee of a leasehold interest is liable for the rents only for the time he occupied the premises; and that, as it has paid all rents maturing before it vacated the premises, no recovery by plaintiff can be had against it.

Some of the cases support the last of defendant's foregoing contentions; but the decided weight of authority, consisting both of decided cases and the text-books, does not support this rule. At page 1087, Underhill on Landlord and Tenant, it is said:

"Where the lessee makes an absolute assignment of the whole term, the assignee thereby becomes responsible, after he has accepted the assignment, for rent subsequently accruing, and for the subsequent breach of covenants running with the land, though he never takes possession of the premises. The assignee of a lease becomes liable for rent by reason of privity of estate, and not by reason of occupation of the premises. This is the general rule, and is well supported by the authorities. The apparent exceptions to it, which make the liability of the assignee of the lease to the lessor depend upon the possession, are usually distinguished by some other element than the possession."

The liability of the assignee to the lessor is based upon privity of estate, and, so long as that privity of estate continues to exist, the assignee's liability continues; and it cannot be terminated by removal from the premises and refusal to pay rents. It may be terminated by a valid assignment of the entire unexpired term to any other person; for a valid assignment terminates the privity of estate between the first assignee and the lessor. *Bonetti v.*

*Treat,* 91 Cal. 223, 27 Pac. 612, 14 L. R. A. 151, where the cases supporting this doctrine are well collected in a note. See, also, section 181b, and section 158c, Tiffany on Landlord and Tenant.

*Kimbriel v. Montgomery,* 28 Okla. 743, 115 Pac. 1013, is relied upon by defendant as deciding favorably to it its contention that it is not liable to the plaintiff lessor for the rents; but that case has no application. One of the questions decided in that case was that the lessor could not recover from the sublessee the rents, and that the lessor must look to the original lessee. The distinction between the relation and liability of an assignee and a sublessee to the lessor is well defined by the authorities. There is neither privity of estate nor privity of contract between the sublessee and the lessor; but between the assignee and the lessor there is privity of estate, and the assignee is liable upon the covenants that run with the land. Section 449, Taylor on Landlord and Tenant; section 651, Underhill on Landlord and Tenant.

It follows in the instant case that, if any valid assignment was made to defendant by the Capital City Business College, defendant is liable; for the privity of estate created by such assignment was never terminated before the expiration of the term.

Section 780, subd. 5, Wilson's Rev. & Ann. St. (section 1089, subd. 5, Comp. Laws 1909), provides:

"An agreement for the leasing for a longer period than one year, or for the sale of real property, or of an interest therein, * * * is invalid, unless the authority of the agent be in writing, subscribed by the party sought to be charged."

Section 880, *Id.,* provides:

"No deed, mortgage or other conveyance relating to real estate or any interest therein, other than for a lease for a period not to exceed one year, shall be valid until reduced to writing and subscribed by the grantors. * * *"

Whether, under the foregoing statutes, a lease for a term of less than one year may be assigned otherwise than in writing need not be determined; for in this case both the original term of the lease and the unexpired term at the time of the transfer of the lease to defendant was for a longer period than one year; and these statutes include such an assignment and require it to

be in writing. 20 Cyc. 218; Taylor on Landlord and Tenant, sec. 427. There was no written assignment to defendant, and the parol assignment and transfer to it of the lease is therefore void, unless the doctrine of part performance applies and takes the contract out of the operation of the statute. This exact question has not often been considered by the courts of this country.

*Welsh v. Schuyler,* 6 Daly (N. Y.) 412, *Polk v. Reynolds,* 31 Md. 106, *Nally v. Reading,* 107 Mo. 350, 17 S. W. 978, *Chicago Attachment Co. v. Davis Sewing Machine Co.,* 142 Ill. 171, 31 N. E. 438, 15 L. R. A. 754, have been cited by defendant as supporting the rule that part performance does not take a parol assignment of a lease out of the statute of frauds, so as to authorize a lessor to recover rents in an action at law against the assignee. Neither *Polk v. Reynolds, supra,* nor *Welsh v. Schuyler, supra,* is in point. All that was decided in the Polk case was that a verbal agreement or understanding to transfer a leasehold interest in land falls within the statute of frauds, and is therefore void. In *Welsh v. Schuyler, supra,* the plaintiff lessor sought to recover rents from a person who had occupied the demised premises with the permission of the original lessee, and had paid a part of the rents to the plaintiff lessor. It was held by the court that defendant being in possession and paying rents to the lessor was presumptive evidence that he had accepted and held an assignment of the lease, but that he was not estopped to show that he never accepted a valid assignment of the lease; and that, where the lease was for a period greater than three years, an assignment, not in writing, is invalid, because in violation of the statute of frauds. The rule of part performance was not invoked by plaintiff nor considered by the court. The other two cases cited by defendant, however, are in point, and hold that the doctrine of part performance has no application in an action for rents by the landlord against the assignee under a parol assignment; but the court in each of those cases based its decision upon the rule prevailing in the respective states in which those cases arose, that, whatever might be the rule in equity as to such doctrine, it has no place in an action at law. That plaintiff may invoke the doctrine of part performance in this action is supported by the fol-

lowing cases: *Dewey & Stone v. Payne & Co.,* 19 Neb. 540, 26 N. W. 248; *Baker v. Maier & Zobelein Brewery,* 140 Cal. 530, 74 Pac. 22; *Edwards v. Spalding,* 20 Mont. 54, 49 Pac. 443; *Grant v. Ramsey,* 7 Ohio St. 158; *Browder et al. v. Phinney,* 30 Wash. 74, 70 Pac. 264.

The rule supported by these last-mentioned cases we believe to be based upon the sounder reason, and more conducive to justice under the Code of Procedure in force in this state. The contract here involved, and which it is charged, infracts the statute, does not create any estate in real estate, as does the lease contract. Whether the contract of assignment stands or falls does not affect the leasehold estate, which was granted by the original lease contract to the lessee; for that contract was in writing, and is valid. What was undertaken by the parol assignment was not to create an estate, but to convey an interest in real estate that had been created by the original lease contract and held by the lessee. This contract of assignment was capable of immediate performance by the execution thereof by the lessee and acceptance thereof by the assignee and payment of the consideration. The consideration was paid by the assignee to the extent that it paid for all the assets transferred by the Capital City Business College, the original lessee, to it, including the lease in controversy; and it had also performed the covenants of the lease for part of the time thereafter by payment of the rents, and had been in possession of the property, using and enjoying same. By our Code the distinction between actions at law and suits in equity is abolished, and all actions in which a civil remedy is sought are denominated civil actions. Section 5542, Comp. Laws 1909. Plaintiff, in his petition, is required to set up therein only a statement of the facts constituting his cause of action in ordinary and concise language, and make demand for the relief to which he thinks himself entitled (section 5627, Comp. Laws 1909) ; and defendant may set forth in his answer as many grounds of defense as he may have, whether they be such as have been heretofore denominated legal or equitable, or both. Section 5634, Comp. Laws 1909. Under these provisions of the Code, defendant in the instant case could plead, in any action of ejectment that might be

brought against it, either by the lessor or the original lessee, any equitable defenses it may have. *Meadors v. Johnson,* 27 Okla. 544, 112 Pac. 1121; *Talley et al. v. Kingfisher Imp. Co.,* 24 Okla. 472, 103 Pac. 591, 20 Ann. Cas. 352. And an equitable estate in land may, under our Code, be made the basis of an action for possession. *Shy v. Brockhause,* 7 Okla. 35, 54 Pac. 306; *McClung v. Penny,* 12 Okla. 303, 70 Pac. 404.

It would therefore follow, if the doctrine of part performance cannot be applied in the case at bar, that under the procedure in this state, if plaintiff, or if the lessee, brought an action to eject defendant from the premises, defendant could set up its equitable defense, its right to a specific performance of the contract, to defeat the action of ejectment, and secure the performance of the assignment to the extent that it could enjoy the full unexpired term of the original lease. This protection would be given to defendant in an action that, in the absence of our Code provisions, would be denominated an action at law; and yet, in a similar action, the court would refuse to enforce the covenants of the contract against defendant by requiring it to pay the rents. There is nothing in the statute that requires such a construction as will permit this inconsistent and inequitable administration of the law. In *Bard v. Elston,* 31 Kan. 274, 1 Pac. 565, from which state our Code was adopted, a plaintiff lessor sought, by an action of forcible entry and detainer, to eject his lessee under a parol lease for a term of six years from the demised premises. The lessee had been in possession of the land for a period of five years, had planted and cultivated crops thereon, built fences and houses, and made other improvements, and, in addition thereto, had paid the rents and taxes thereon. The court held that defendant might invoke the doctrine of part performance in his defense to the action, and that his acts had been sufficient to take the contract out of the statute and make it valid for the full term of the lease. In the opinion, written by Mr. Justice Valentine, concurred in by Mr. Justice Brewer, it was said:

"Mere possession or mere payment of rent will not, as a general rule, make a parol lease for more than one year valid for the full term. But parol leases exceeding one year, as well as

other parol contracts with regard to real estate, may sometimes be taken out of the statute of frauds by a part performance of the contract, and by such part performance be made valid to their full extent. Taylor's Landlord and Tenant, sec. 32; *Grant v. Ramsey,* 7 Ohio St. 157. But parol leases for more than one year, in order to become valid by a part performance, should generally be such as would, by such part performance, become substantially a purchase of an interest in the real estate."

In *Deisher v. Stein,* 34 Kan. 39, 7 Pac. 608, there was a parol agreement to execute a written lease of land for a term of more than one year. After the lessee had gone into possession and expended labor, money, and material in making improvements on the land, and getting it into condition to enjoy, the landlord refused to execute the lease and ousted the lessee from possession. In an action by the lessee against the landlord to recover damages, it was held that the lessee's acts constituted such a part performance of the contract as to take it out of the statute sufficiently to enable him to recover for the time, labor, money, and material expended thereon as his damages.

In *Bard v. Elston, supra,* the equitable doctrine of part performance was invoked by the defendant; while in *Deisher v. Stein, supra,* it was invoked by the plaintiff, and constituted a part of his cause of action. In the latter case, it was said by the court in the opinion:

"It must be remembered that in Kansas all the old forms of action, and all distinctions between actions at law and suits in equity, are abolished, and in their stead only one form of action is recognized, called a civil action; and in this form of action all that a plaintiff needs to do in stating his cause of action is to state the facts of his case; and if such facts would entitle him to recover in any form of action, either at law or in equity, he will be entitled to recover under such statement."

Speaking of what performance is necessary to relieve a contract for the sale of real estate or interest therein of the operation of the statute, this court, in *Collins v. Lackey et al.,* 31 Okla. 776, 123 Pac. 1118, said:

"The authorities are practically unanimous that payment of the purchase price and taking possession under the contract and making valuable improvements on the granted premises constitute such a performance of the contract as will warrant a decree

of specific performance. There is some division in both the English and the American authorities as to whether taking possession alone under the contract, without making valuable improvements, is sufficient to take the contract out of the operation of the statute. The weight of authority, both in England and in this country, however, supports the rule that possession alone of land under a verbal contract, when delivered to the vendee, is sufficient performance to take the case out of the statute of frauds, without the additional circumstances of payment of consideration, or the making of valuable improvements."

See, also, *Halsell v. Renfrow,* 14 Okla. 674, 78 Pac. 118, 2 Ann. Cas. 286; and *Sutherland v. Tainer,* 17 Okla. 427, 87 Pac. 900.

Defendant had gone into possession, paid the purchase price, and performed on its part every obligation of the contract of assignment, except the covenant of the original lease to pay rents, part of which, however, it had paid.

It follows from the foregoing views that plaintiff was entitled to recover, and the judgment of the trial court should be affirmed.

After the first hearing in this cause, this court prepared and filed an opinion, affirming the judgment of the trial court upon a question of practice; but, after a rehearing upon a petition therefor, it appears to the court that the question considered in the first opinion was not presented by the briefs of plaintiff in error sufficiently in compliance with the rules of the court so as to entitle it to consideration; and, without at this time determining whether we were correct in our conclusion on the question then decided, we have considered the case upon its merits, and on a theory upon which it was presented to the trial court. The trial court appears to have held the defendant liable, because the assignment to it by the Capital City Business College of all of its assets effectually worked a dissolution of the latter corporation. We entertain some doubts whether, under the facts found by the court, and under the facts which the evidence in the record in any way tends to support, liability of defendant can be sustained upon this theory; but the theory upon which we have sustained the judgment of the trial court was one of the theories presented by the pleadings, and upon which the case

was tried; and, if the trial court gave a wrong reason for the judgment rendered, such fact constitutes no ground for reversal.

The judgment of the trial court is affirmed.

TURNER, C. J., and WILLIAMS and KANE, JJ., concur; DUNN, J., absent, and not participating.