[No. 18394. Department One. April 3, 1924.]

# I. N. WOMACH, *Appellant*, v. C. F. HARDING, *as Administrator etc., Respondent.*[1]

VENDOR AND PURCHASER (121)—BONA FIDE PURCHASERS—NOTICE AND DUTY TO INVESTIGATE. One claiming title to land through a bank is not an innocent purchaser, where he had notice of facts which would indicate that the deed held by the bank was not an absolute one, and of an extension agreement reciting that the grantors in such deed "are still the owners in fee simple of the land covered by said mortgage," and he paid no cash, and made no inquiry of the tenants in possession.

Appeal from a judgment of the superior court for Adams county, Sessions, J., entered June 19, 1923, in favor of the defendant, in an action to determine the ownership of personal property, tried to the court. Affirmed.

*G. E. Lovell* and *E. A. Davis,* for appellant.

*John A. Peacock* and *W. O. Miller,* for respondents.

MACKINTOSH, J.—Harding and wife, since the year 1902, were the owners of a wheat ranch in Adams county. On October 18, 1910, they executed a mortgage to the Oregon Mortgage Company thereon for the sum of $4,000, this mortgage being filed and recorded on November 21, 1910. On November 10, 1914, Harding and wife executed a deed to the German-American State Bank of Ritzville, as security for an indebtedness owing by Harding to the bank. This deed was in fact a mortgage. On September 25, 1915, an extension agreement was made between Harding and the Oregon Mortgage Company, which was filed and recorded November 11, 1915. This agreement bears the written approval of the bank. In August, 1920, Harding died. In 1922 the bank began an action against the respond-

[1]Reported in 224 Pac. 384.

ent here, as administrator of the estate of his father, seeking to foreclose the deed held by the bank as a mortgage. This action was dismissed on the bank's motion. Subsequently an amended complaint, seeking the same foreclosure, was voluntarily dismissed. In June, 1922, the bank gave a warranty deed to the appellant in this action, conveying the Harding ranch to the appellant for the sum of $13,800. Payment was made by the appellant assuming the $4,000 mortgage due the mortgage company and by giving the bank a note for the sum of $9,800, secured by a mortgage on the ranch, no actual cash being paid in this transaction. In August, 1922, the appellant began this action for the purpose of determining the ownership of 143 sacks of wheat, being the share of the wheat crop of that year due to the landlord from the lessee. The question here is whether the appellant or the respondent is the owner of the ranch.

The appellant concedes that, were the bank a party to the suit, it could not recover, saying in his brief: "if the American State Bank were a party it is conceded that the landlord's portion would belong to Harding, but the question is, does it belong to Harding as against Womach, who must be construed to be an innocent purchaser." The question before us is whether the appellant was an innocent purchaser. The trial court decided that he was not, and from the record we come to the same conclusion.

There are many circumstances which cumulatively compel this result, among them may be recited these: The appellant had notice that the Harding mortgage to the Oregon Mortgage Company had been renewed a year subsequent to the time that the warranty deed had been given by Harding to the bank, and that this extension bears on its face the approval of the bank, which would indicate that the deed from the Hardings

to the bank was not an absolute one. Moreover, the extension agreement recites that the Hardings "are still the owners in fee simple of the lands covered by the said mortgage." Another circumstance is that this appellant never went to look at the land and his testimony is merely that he had seen it years before. He actually paid no cash for it. The relations of the appellant and the bank and the attorneys connected with the transaction are such as to plainly indicate that the appellant was not a *bona fide* purchaser. The appellant knew that the tenant was in possession of the premises, but he made no inquiry from him as to whether he was holding the property as a tenant of Harding or of the bank. He relied entirely upon the bank's statement to him that the tenant was its tenant. An examination of the record would have disclosed to the appellant that the deed to the bank had been attempted to be foreclosed as a mortgage. The entire atmosphere of this case creates such a cloud around the appellant's purported title that he cannot be said to have been a good faith purchaser. The judgment is therefore affirmed.

MAIN, C. J., PARKER, HOLCOMB, and TOLMAN, JJ., concur.