[No. 18806. Department Two. January 5, 1925.]

I. N. WOMACH et al., Appellants, v. ANNA J. HARDING et al., Respondents.[1]

QUIETING TITLE (11)—RIGHT OF ACTION—POSSESSION OF PLAINTIFF. Rem. Comp. Stat., § 809, authorizing an action to quiet title on behalf of any person in possession, by himself or his tenant, against any person claiming an interest, is not sustained where the plaintiffs were not the owners or in possession, but were at most mortgagees, and their pretended lease a nullity.

REPLEVIN (6)—RIGHT OF ACTION—TITLE AND RIGHT OF PLAINTIFF—MORTGAGEES. Rem. Comp. Stat., § 785, authorizing an action of replevin, and to quiet title, by any person having a valid subsisting interest in real property and the right to possession therein, against the tenant in possession or any person claiming an interest therein, is not sustained where the plaintiffs were not the owners or in possession, but were at most mortgagees, and their pretended lease a nullity, in view of Id., § 804, providing that a mortgage of real property shall not be deemed a conveyance, so as to entitle the mortgagee to recover possession, and of § 1116 et seq., governing the foreclosure of mortgages.

Appeal from a judgment of the superior court for Adams county, Oswald, J., entered January 23, 1924, dismissing an action to quiet title, tried to the court. Affirmed.

[1]Reported in 231 Pac. 949.

*Lovell & Ott,* for appellants.

*John A. Peacock* and *W. O. Miller,* for respondents.

HOLCOMB, J.—The complaint in this action states
that the American State Bank had legal title deducible
from the United States of the real estate involved, and
by good and sufficient deed, in June, 1922, conveyed all
its right, title and interest to appellants; that re-
spondents claimed some right, title, estate, lien or in-
terest in and to the premises which is unknown to ap-
pellants, and prayed that respondents be required to
set forth their claim.

The real estate is the same as that involved in a
former case before us, *Womach v. Harding,* 129 Wash.
247, 224 Pac. 384. In that case it was found by the
lower court, and affirmed by this court, that appellant
was not an innocent purchaser in good faith and for
value. There are no differential facts in this case which
would distinguish this case from that on that question.

Counsel for appellants, in his opening statement,
stated to the trial court that this action is a suit under
§ 809 of the code [P. C. § 7534]. Later he contended
that it was a suit under the statute; the only other
statute to which it might be referable being § 785, Rem.
Comp. Stat. [P. C. § 7517].

Section 809, Rem. Comp. Stat., *supra,* authorizes an
action on behalf of any person in possession by him-
self or his tenant of any real property against any per-
son or persons claiming any interest in the real prop-
erty, or any part thereof, or any right thereto adverse
to him, them or it, for the purpose of determining such
claim, estate or interest.

There was no showing on the part of appellants that
they were in possession of the real estate involved,
either by themselves or by tenants. They did attempt

to show that their grantor, the American State Bank, had given a lease to one Sullivan.

We agree with the trial court that the Sullivan pretended lease was a nullity, for the reason that the American State Bank, grantor of appellants, had no legal title to the real estate involved. At most, all they had was a mortgage interest in the real estate, and a mortgagee is not a landlord and cannot give a lease.

Section 785, Rem. Comp. Stat., provides that "any person having a valid subsisting interest in real property, and a right to the possession thereof, may recover the same by action in the superior court of the proper county, to be brought against the tenant in possession; if there is no such tenant, then against the person claiming the title or some interest therein, and may have a judgment in such action quieting or removing a cloud from plaintiff's title;    .    .    ."

This section is of no assistance to appellants, as it has been held that they had no valid subsisting interest in the real property, nor, as a necessary corollary, the right of possession thereof as against respondents. *Womach v. Harding, supra.*

Appellants contend that, even if not entitled to maintain an action under the foregoing section, they are entitled to foreclose the deed given by respondents' decedent to the American State Bank as a mortgage, although the bank had twice instituted action to foreclose the deed as a mortgage, and both times voluntarily abandoned and nonsuited its action, and although there was no pleading on their part whatever praying for the foreclosure of the deed as a mortgage.

Appellants contend, and cite decisions of this court to the effect, that the form of the action is immaterial if the facts entitle the plaintiff to any relief; that there is but one form of action and that the manner or form of alleging, or of the prayer of the complaint, is with-

out weight; citing *Meeker v. Gilbert,* 3 Wash. Terr. 369, 19 Pac. 18; *Watson v. Glover,* 21 Wash. 677, 59 Pac. 516; *Dunlap v. Rauch,* 24 Wash. 620, 64 Pac. 807; *Browder v. Phinney,* 30 Wash. 74, 70 Pac. 264.

There is no decision that we know of, under our code or any other code of civil procedure, that allows one to bring an action to quiet title, or in ejectment, and obtain the relief by foreclosure of a mortgage.

Another statute, § 804, Rem. Comp. Stat. [P. C. § 7530], governs this situation, which reads:

"A mortgage of real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without the foreclosure and sale according to law."

Other sections (§ 1116 *et seq.,* Rem. Comp. Stat.) [P. C. § 8201 *et seq.*], provide the procedure for foreclosure and selling of mortgaged property. See *Fields v. Cobbey,* 22 Utah 415, 62 Pac. 1020; *Chase v. Cameron,* 133 Cal. 231, 65 Pac. 460.

The case was properly disposed of by the trial court, and the judgment is affirmed.

MAIN, C. J., MACKINTOSH, FULLERTON, and MITCHELL, JJ., concur.