## STOUT v. BLACKWELL OIL & GAS CO.

No. 27262.   May 24, 1938.

Rehearing Denied July 5, 1938.

T. G. Chambers, for plaintiff in error.

Dudley, Hyde, Duvall & Dudley, for defendant in error.

HURST, J.   This is an action to recover damages for breach of an express agree-

ment to drill a second well on an oil and gas lease. The undisputed facts are these: On December 21, 1928, O. A. Garr, one of the plaintiffs below, became the owner of an oil and gas lease covering five acres. On the same day he executed an assignment of an undivided one-half interest in the lease to C. E. Stout, the other plaintiff below. Thereafter, on May 10, 1930, plaintiffs executed an assignment of an undivided 6/7 interest in the lease to E. W. Jones and Frank D. Jones, hereinafter referred to for convenience as Jones brothers. Simultaneously with the execution of the assignment, the plaintiffs and Jones brothers entered into a contract which constitutes the subject of this action. The contract called for the drilling of a well upon the premises by Jones brothers, and further provided:

"* * * and upon completion of said well, if the same be a producer in commercial paying quantities, a second well will be commenced within ten (10) days of the completion of said first well. * * *"

It was also provided "that this agreement shall be binding on the heirs, executors, administrators, assigns and all the parties hereto." The other provisions of the contract are not now material. It is conceded that the first well was completed on November 12, 1930, and the only question here involved pertains to the failure to drill the second well. Thereafter, on December 8, 1930, Jones brothers executed an assignment of an undivided 7/16 interest in the lease to the Blackwell Oil & Gas Company. The assignment contained no reference to the drilling contract between plaintiffs and Jones brothers.

Upon the failure of the parties to commence the second well, plaintiffs instituted this action against Jones brothers and the Blackwell Oil & Gas Company. No service was had upon either of the Jones brothers and the case went to trial against the Blackwell Oil & Gas Company as the sole defendant. The case was tried to the court without a jury, and upon the close of all the evidence, judgment was rendered in favor of defendant. Plaintiff C. E. Stout alone brings this appeal.

▉ There is one decisive question in this appeal: Can the defendant be held liable for a breach, by its assignor prior to assignment to it, of the drilling contract executed by plaintiff and Jones brothers, to which defendant was not a party and the obligations of which it did not expressly assume? Plaintiff contends that the provision

calling for the drilling of the second well is a covenant running with the land, and that the defendant is liable for the breach thereof by reason of the fact that it took an assignment of an interest in the lease. We do not think there is any merit to plaintiff's contention under the undisputed facts of this case. We may assume, without deciding, that a producing oil and gas lease is such an interest in real estate as to render the covenant here involved a covenant running with the land. But, as pointed out above, the first well was completed on November 12, 1930, and under the contract the second well was required to be commenced within ten days, or by November 22, 1930. The defendant acquired its interest in the lease on December 8, 1930. Therefore the covenant was breached before the defendant acquired its interest therein. Since privity of estate is the foundation of the assignee's liability on covenants which run with the land, the assignee is not liable for breaches which took place before the assignment to him. Brown, Covenants Running With Land, p. 50. In Sims on Real Covenants, p. 95, the rule is stated thus:

"Coming now to the rights and liabilities of assignees, it should be remembered first of all both with regard to assignees of the term (lease) and of the reversion, that they are concerned only with those breaches of covenants which occur during the continuance of their proprietary right to the estate. Not being parties to the original covenant, when they have assigned over their holdings such assignees are no more concerned with subsequent breaches than they were with breaches occurring before they received assignment."

Defendant refers to the case of Washington Nat. Gas Co. v. Johnson (1889. Pa.) 16 Atl. 799. which is squarely in point. In that case the covenant in an oil and gas lease provided that the lessees were to commence operations on the premises, and complete one well within six months from date of the lease. They were also to commence a well four months after the time for the completion of the first well. The lessees took possession and drilled one well in accordance with their covenant, but neither they nor their assigns drilled the second well. The defendant was an assignee of the lease premises "whose title was acquired some two months after the time when the well should have been completed, and at least five months after it should have been begun." The court, in holding that defendant was not liable, said that "the breach was complete when the lessee failed to drill as he had agreed," and further stated:

"Each successive assignee would be liable for covenants maturing while the title was held by him because of privity of estate; but he would not be liable for those previously broken, or subsequently maturing, because of the absence of any contract relation with the lessor."

See Tyler Commercial College v. Stapleton (1912) 33 Okla. 305, 125 P. 443, to the effect that assignee of a lease is liable so long as privity of estate continues, but not after privity has terminated.

Plaintiff does not deny the correctness of the rule above referred to, but assumes throughout his argument that the breach occurred after the defendant acquired its interest in the lease. He makes no specific argument or assertion to that effect, but it is alleged in the petition that defendant "within a reasonable time after Nov. 12, 1930," breached the contract. It is further alleged that "a reasonable time within which said defendants should and could have complied with the terms of their obligation and contract with these plaintiffs would not have been in excess of four (4) months from the said 12th day of November, 1930." But we think that to infer a reasonable time of four months, or any other reasonable time, for the commencement of the second well would be to make a new contract for the parties, which they themselves did not contemplate. The contract specifically provided that the second well should be commenced within ten days after the completion of the first well, if it be a producer in commercial paying quantities. This provision is clear and unequivocal and the parties no doubt intended it to replace the more indefinite standard of "reasonable time." The provision requiring the second well to be completed with due diligence to the big pay sand added nothing more than would in any event be implied. In the event the well was not commenced as agreed, there could be no obligation to proceed with due diligence after defendant acquired its interest.

There is another consideration which compels us to conclude that there can be no liability upon the defendant in this action. It involves the construction of the language of the covenant. The covenant required the performance of an affirmative act, and required that act to be commenced within a specified time. Assuming that this covenant ran with the land, it would run until the time expired for the act to be performed. It then became a chose in action and, by its own terms, would not be a continuing obligation. The obligation to commence the second well expired on November 22, 1936, and the covenant then ceased to run with the land.

Plaintiff presents further propositions in support of the contention that the first well was a producer in commercial paying quantities and thereby asserts that the contract was breached by the failure to drill the second well. But, as heretofore shown, we have assumed that the contract was breached, so it is unnecessary to discuss these propositions. Likewise it is unnecessary to consider the remaining propositions advanced by plaintiff in anticipation of defenses asserted by defendant, as well as plaintiff's contention regarding the measure of damages.

Judgment affirmed.

BAYLESS, V. C. J., and PHELPS, CORN, and GIBSON, JJ., concur. OSBORN, C. J., and RILEY, WELCH, and DAVISON, JJ., absent.